420 So.2d 389 (1982)
Marvin Dewitt PURVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1255.
District Court of Appeal of Florida, Fifth District.
October 13, 1982.
James B. Gibson, Public Defender, and James R. Wulchak, Chief, Appellate Division, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
Appellant appeals from an order revoking his probation, contending that double jeopardy principles apply. We affirm.
On a previous appeal, we reversed an order revoking appellant's conviction because only hearsay evidence had been introduced at the revocation hearing.[1] Upon remand, appellant moved to dismiss the proceedings on double jeopardy grounds. The trial court denied the motion, conducted another hearing, and revoked appellant's probation. He now contends that the charges should have been dismissed because "the defendant's prior revocation of probation had been reversed on appeal for insufficiency of evidence and thus the second hearing subjected the defendant to double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, section 9, of the Florida Constitution."
A reversal of a probation revocation hearing because only hearsay evidence has been presented does not present constitutional double jeopardy problems. A probation revocation hearing is informal and not like a regular trial; its purpose is to satisfy the conscience of the court as to whether a violation of probation has occurred. Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947). Thus, the rules of evidence are relaxed and hearsay evidence may be admitted *390 and considered by the court. The only limitation imposed with reference to hearsay evidence is that it may not be the only type of evidence upon which the revocation order is based. Purvis v. State, supra.
Here, the reversal was not for insufficient evidence. There was sufficient admissible evidence, albeit hearsay, to sustain the revocation. We reversed because we applied the principle invoked by the other district courts that a revocation should not be based solely on hearsay. Thus, even if double jeopardy principles apply in probation revocation proceedings, a point we expressly do not decide here,[2] the rule of law which prohibits retrial when a conviction is reversed for insufficiency of evidence (as opposed to the weight of the evidence) is not applicable here. See Tibbs v. State, 397 So.2d 1120 (Fla. 1981); aff'd Tibbs v. Florida, ___ U.S. ___, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).
We find appellant's remaining points to be without merit.
The order revoking appellant's probation is AFFIRMED.
DAUKSCH and FRANK D. UPCHURCH, Jr. JJ., concur.
NOTES
[1] Purvis v. State, 397 So.2d 746 (Fla. 5th DCA 1981).
[2] While not expressly deciding the issue on double jeopardy grounds, all the other district courts have directly or impliedly held that another probation revocation proceeding may be held when a revocation order based only on hearsay testimony has been reversed. Reeves v. State, 366 So.2d 1229 (Fla. 2d DCA 1979); Robbins v. State, 318 So.2d 472 (Fla. 4th DCA 1975); White v. State, 301 So.2d 464 (Fla. 1st DCA 1974); Hampton v. State, 276 So.2d 497 (Fla. 3d DCA 1973).