566 So.2d 339 (1990)
Annie Drease KNIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2913.
District Court of Appeal of Florida, First District.
August 30, 1990.
James C. Banks, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Cynthia Shaw, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Appellant seeks review from a finding that she was in violation of community control. For the reasons enumerated herein, we must reverse and remand to the trial court for further proceedings.
Appellant was sentenced to two years community control on September 6, 1989, after entering a plea to a charge of escape. On October 10, 1989, an Affidavit of Violation of Community Control was filed, and a warrant based on that affidavit was issued. On October 13, 1989, a hearing was held on the violation of community control. At the hearing, the trial court informed the appellant *340 that she violated her community control by:
1. Changing her place of residence or employment without consent of her community control officer;
2. Violating the law by possessing cannabis and a concealed weapon, a paring knife; and
3. Not staying at her approved residence.
As the judge began to tell the appellant of potential sentencing alternatives, the defendant interrupted to indicate that she did not want to go to prison. After a brief exchange between the defense counsel and the court, the following exchange took place:
MR. COMBS (prosecutor): Yes, sir. If we need to have the actual testimony as to what's alleged in the affidavit, I'll have to 
THE COURT: Well, I think what she's trying to say in her own way is that she does not deny that she wasn't in the county and she doesn't deny that she was arrested and she doesn't deny that she was away from her approved place of residence.
Counsel, from your talking with her, is that what she appears to want to do?
MRS. SANFORD (defense counsel): Yes, sir.
THE COURT: Therefore, it would not be necessary to have the community control officer here today to testify about the same things which were in the affidavit for violation of community control.
MRS. SANFORD: I don't think that Mrs. Knight denies any of the factual things. I think she has some explanations that would be helpful to the court.
The court questioned the defendant under oath concerning the alleged violations of her community control. Neither the prosecutor nor the defense counsel participated in this portion of the proceeding. The court found the defendant to be in violation of community control and sentenced her to thirty months in the Department of Corrections and an additional period of probation.
The court neither orally announced nor entered a written order reciting the specific violations found by the court. Failure to make such written findings requires reversal. Clark v. State, 510 So.2d 1202 (Fla. 2nd DCA 1987).
The written final judgment does not indicate whether the court found the defendant guilty based upon evidence received or whether the court made a finding based upon entry of a plea. The transcript of the proceeding is also not clear on this matter.
We reverse and remand for a new hearing on the allegation that appellant violated community control.
WIGGINTON and BARFIELD, JJ., concur.