569 So.2d 934 (1990)
Gary Allen WHISLER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3129.
District Court of Appeal of Florida, First District.
November 16, 1990.
Barbara M. Linthicum, Public Defender and P. Douglas Brinkmeyer and Carl McGinnes, Asst. Public Defenders, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Chief Judge.
Appellant contends his community control was improperly revoked. We agree.
An affidavit of violation of community control was filed against appellant, who had been ordered to pay $240 court costs and perform 100 hours of community service. The affidavit listed three counts: (1) possessing and testing positive for cocaine, (2) being 90 hours in arrears of community service, and (3) being $80 in arrears of court costs.
A community control officer testified that appellant admitted using cocaine "a long time ago;" and a lab report indicating appellant recently tested positive for cocaine was admitted over a hearsay objection. Appellant testified he had not used cocaine since he had been on community control.
*935 The trial court found that counts (1) and (3) were proved by a preponderance of the evidence and that count (2) was not. Appellant's community control was revoked and he was sentenced to prison.
"[T]he lab test report, standing alone, is hearsay. Although it may be admitted at a revocation hearing, it alone cannot be the basis to find a violation [of community control]." Williams v. State, 553 So.2d 365, 366 (Fla. 5th DCA 1989). While the testimony of appellant and the community control officer is not hearsay, it does not prove a violation by the greater weight of the evidence. See McPherson v. State, 530 So.2d 1095 (Fla. 1st DCA 1988). The lab report was therefore hearsay standing alone and was an improper basis to find that appellant violated the conditions of community control.
The trial court made no specific finding that appellant had the ability to pay court costs; and therefore community control should not have been revoked based on failure to pay court costs. McPherson, 530 So.2d at 1098.
REVERSED.
SMITH, J., concurs.
NIMMONS, J., dissents.