571 So.2d 593 (1990)
Reed FRAZIER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01885.
District Court of Appeal of Florida, Second District.
December 28, 1990.
James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, Reed Frazier, challenges the trial court's revocation of his probation for failure to comply with the terms and conditions of that probation. We find that the state presented sufficient, competent evidence to support its allegations that the appellant violated three conditions of his probation. We, accordingly, affirm the revocation of appellant's probation and the subsequent sentence imposed upon him.
We must, however, remand this matter to the trial court for the entry of a proper conviction order. In order to properly revoke a defendant's probation, the trial court must enter a written order specifying the terms and conditions of probation that have been violated. Clark v. State, 510 So.2d 1202 (Fla. 2d DCA 1987). The trial court failed to do so in this case.
*594 We, therefore, affirm the revocation of probation and the subsequent sentence, but remand for the entry of an amended written order specifying the conditions of probation which the trial court found that the appellant violated. The appellant does not have to be present.
SCHOONOVER, C.J., and RYDER and THREADGILL, JJ., concur.