PER CURIAM.
The appellant, Samuel K. Cobb, challenges the enhanced habitual offender seven year sentence he received for the conviction of grand theft. We agree that the trial court erred by sentencing appellant as an habitual offender. We affirm the convictions but reverse and remand for resen-tencing.
The appellant pled guilty to grand theft reserving the right to appeal his sentence. The trial court found the appellant to be an habitual offender and imposed a seven year sentence. The prior convictions relied upon by the trial court to classify appellant as an habitual offender were all rendered on the same date.
In order to be sentenced as an habitual offender under section 775.084, Florida Statutes as amended in 1988, a defendant must have had successive felony convictions. Convictions that are entered on the same date are treated as a single offense. Walker v. State, 567 So.2d 546 (Fla.2d DCA 1990).
Since all of appellant’s prior convictions were rendered on the same date, they should have been treated as a single offense, the trial court, therefore, erred in sentencing appellant as an habitual offender. Walker.
Reversed and remanded for resentenc-ing.
SCHOONOVER, C.J., and RYDER and THREADGILL, JJ„ concur.