PER CURIAM.
The appellant challenges the revocation of his probation and the sentence imposed for unarmed robbery. At the revocation hearing, the appellant disputed some of the charged violations, and his testimony presented factual issues for the court’s resolution. Although the court concluded that the appellant violated the “terms and conditions” of his probation, it did not make a more specific oral pronouncement or enter a written revocation order. As the parties *256 agree, a written order reciting the specific violations is required by Knight v. State, 566 So.2d 339 (Fla. 1st DCA 1990) and Clark v. State, 510 So.2d 1202 (Fla. 2d DCA 1987). See also, Frazier v. State, 571 So.2d 593 (Fla. 2d DCA 1990). We decline to speculate as to the court’s resolution of the various factual issues presented, and because it is not clear whether the court would have revoked the appellant’s probation and imposed the same sentence upon proper findings, the court may reconsider these matters on remand. Cf., Blake v. State, 433 So.2d 611 (Fla. 1st DCA 1983).
The appealed orders are reversed and the cause is remanded.
ERVIN, SMITH and ALLEN, JJ., concur.