PER CURIAM.
Appellant, Kenneth McHellen, appeals from the finding that he was in violation of probation. We affirm.
In June of 1990, appellant pled no contest to grand theft auto and driving while his license was suspended or revoked. The negotiated sentence was 18 months probation, $210 restitution, $200 felony court costs, $1,000 court costs, and $20 to the Crime Compensation Trust Fund. In addition, appellant was ordered to pay $40 per month toward the cost of his supervision. In December of 1990, the state filed an affidavit of violation of probation, alleging the following violations: (1) appellant was $80 in arrears on his cost of supervision payments; (2) appellant was arrested on October 15, 1990, for sexual battery upon a thirteen-year-old girl; and (3) appellant failed to make regular monthly payments toward his restitution and court costs, as instructed.
Appellant’s first argument, that the trial court erred in revoking probation for failure to pay court costs and restitution without making specific findings of fact regarding his ability to pay, is without merit. Appellant’s second argument warrants discussion. Appellant contends the trial court erred in failing to make specific findings as to which violations it relied upon to revoke his probation. In its brief, the state conceded that the decisions relied upon by appellant mandate remand for entry of a new revocation order. We disagree.
In Clark v. State, 510 So.2d 1202 (Fla. 2d DCA 1987), the record contained no written order conforming to the oral pronouncement revoking probation. The cause was remanded for entry of a written order. In DeVille v. State, 529 So.2d 319 (Fla. 2d DCA 1988), it also appears that no written order was entered.
In Knight v. State, 566 So.2d 339 (Fla. 1st DCA 1990), the alleged violations of community control were: (1) changing place of residence or employment without consent of community control officer; (2) violating the law by possessing cannabis and a concealed weapon; and (3) not staying at the approved residence. On appeal, it was noted that the “written final judgment does not indicate whether the court found the defendant guilty based upon evidence received or whether the court made a finding based upon entry of a plea. The transcript of the proceeding is also not clear on this matter.” 566 So.2d at 340. The exchange between defense counsel and the court, quoted in the opinion, demonstrates the lack of certainty as to the basis upon which a violation was found. The cause was reversed and remanded for a new hearing on the allegation that the defendant violated community control.
The above decisions are factually distinguishable from the cause currently on appeal. The state presented evidence that appellant failed to pay restitution and costs and that appellant committed sexual bat *670 tery, the three alleged violations. Remand for entry of a new revocation order is not warranted under these circumstances.
AFFIRMED.
ERVIN, ZEHMER and BARFIELD, JJ., concur.