609 So.2d 89 (1992)
Kevin Tony ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1605.
District Court of Appeal of Florida, First District.
November 24, 1992.
*90 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Kevin Tony Robinson has appealed from an order of the trial court revoking his community control. We affirm the revocation, but reverse the order and remand for entry of a written revocation order reciting the specific violations found by the trial court.
In March 1991, following his guilty plea to possession of cocaine, the trial court placed Robinson on 12 months' community control, condition (5) of which was that he "live and remain at liberty without violating any law." In February 1992, an affidavit of violation of community control was filed based on the execution of a search warrant at Robinson's residence which revealed marijuana cigarettes in plain view, and a vial of prescription medication not in Robinson's name.
At the subsequent hearing, a police officer testified to the fruits of the search, and stated, without objection, that the "pills" in the vial had tested as cocaine. He also related Robinson's post-Miranda statement that he often sold the "pills" when he needed extra money. A second officer corroborated this testimony and, through him, the state introduced a lab report indicating that the "pills" were cocaine. Based on this evidence, the trial court orally found Robinson in violation of his community control, revoked community control, and sentenced Robinson to 3 1/2 years. The written revocation order did not recite the specific violations found by the court.
Robinson argues that arrest alone is insufficient to support a revocation of community control, Rock v. State, 584 So.2d 1110 (Fla. 1st DCA 1991), and that the state failed to prove a violation by competent evidence. Specifically, Robinson alleges that the only evidence of the nature of the "pills" discovered in the search was the hearsay lab report, and points out that revocation cannot be based solely on hearsay, Whisler v. State, 569 So.2d 934 (Fla. 1st DCA 1990).
Proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking community control. The state need only show by a preponderance of the evidence that the defendant committed the offense charged. Griffin v. State, 603 So.2d 48, 50 (Fla. 1st DCA 1992). Further, hearsay is not inadmissible at a revocation hearing, it simply cannot be the sole basis for a finding of violation of community control. Whisler at 935.
Here, the trial court based its revocation on findings that Robinson possessed marijuana and prescription drugs not his own, which drugs he admitted selling. Robinson does not challenge the finding that he possessed marijuana. Further, the lab report was not the sole evidence of the nature of the prescription drug, in that the arresting officer testified without objection that it was cocaine. The trial court's discretionary order revoking community control is therefore amply supported by the evidence.
However, despite acceptable oral findings of the basis for revocation, a trial court must enter a written order reciting the specific violations found. Clark v. State, 510 So.2d 1202, 1204 (Fla. 2d DCA 1987). Accord Knight v. State, 566 So.2d 339, 340 (Fla. 1st DCA 1990); Wilson v. State, 581 So.2d 255, 256 (Fla. 1st DCA 1991). The revocation order entered by the trial court herein does not recite the violations as required. Therefore, while we affirm the revocation of community control, we reverse the order on appeal and remand for entry of a written revocation order reciting the specific violations found.
JOANOS, C.J., and SHIVERS and ZEHMER, JJ., concur.