622 So.2d 1027 (1993)
Kevin JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3195.
District Court of Appeal of Florida, Fourth District.
July 21, 1993.
Rehearing Denied September 13, 1993.
*1028 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a revocation of Order of Community Control and subsequent imposition of concurrent prison sentences.
Appellant was placed on concurrent terms of two years of community control followed by five years probation after entering a plea of guilty to false imprisonment and indecent assault. One of the conditions of the Order of Community Control, namely Condition J9, required appellant:
[R]emain confined to [his] approved residence except for one-half hour before and after approved employment, public service work or any other special activities approved by [his] community control officer.
As a predicate for the revocation proceeding, an affidavit was filed by a community control officer alleging appellant violated the above condition.
At the revocation hearing, appellant's counsel objected to the testimony of the community control officer because the state had failed to comply with appellant's discovery request, pursuant to Florida Rule of Criminal Procedure 3.220(b)(1)(i). The trial court conducted an inquiry into the circumstances surrounding the claimed violation and concluded the state's failure to comply with appellant's discovery request was inadvertent and not prejudicial. Accordingly, the trial court permitted the community control officer, who was the state's sole witness, to testify. Appellant did not testify.
The gist of the community control officer's testimony was that he had gone to appellant's house on August 16, 1992, at approximately 8:00 P.M., "knocked on the door"; "saw no lights in the house"; neither appellant nor "no one else in the house answered the door"; he walked around the house "to see if I could see anyone out back  there was no one out back"; called appellant's home telephone number "and the phone rang, and rang, and rang, no one answered the phone."
The state sought to introduce a weekly log purported to reflect appellant's activity a week in advance. Appellant's counsel objected to the use of the log on the basis of the state's failure to comply with his discovery request to make such information available. The trial court sustained the objection. When the trial court proceeded to undertake an inquiry into the discovery violation, the state withdrew its question concerning the log and rested its case. Thereafter, appellant's counsel moved for a judgment of acquittal on the basis that the state had failed to prove a violation of Condition J9 of the Community Control Order. The trial court denied the motion and ultimately proceeded to revoke the Order of Community Control concluding appellant failed to meet the obligations of the Order.
*1029 Condition J9 of the Community Control Order permitted appellant to be away from his residence for "approved employment, public service work or any other special activities approved by your community control officer," with a leeway of one-half hour before and after such activity. The evidence at the revocation proceeding below, consisting solely of the community control officer's testimony, did not affirmatively demonstrate appellant's absence from his residence was not related to any of the permitted purposes. It is axiomatic the burden is on the state to prove appellant violated Condition J9 which, in this instance, would have required the state to present some evidence of appellant's unexcused absence from his residence. In this regard, the state presented no evidence whatsoever regarding appellant's noninvolvement in these authorized activities. The state simply presented evidence, through the community control officer, that appellant was not at home at the time the officer visited his residence.
While a probation revocation hearing is informal and not like a regular trial and rules of evidence are relaxed, Purvis v. State, 420 So.2d 389 (Fla. 5th DCA 1982), there are definitive burdens and standards that must be met. As this court observed in Steiner v. State, 604 So.2d 1265 (Fla. 4th DCA 1992):
Probation may be revoked only upon a showing that the probationer deliberately and willfully violated one or more conditions of probation. There must have been a willful violation. Moreover, a violation which triggers a revocation of probation must be both willful and substantial, and the willful and substantial nature of violation must be supported by the greater weight of the evidence.
Lastly, the state has the burden to establish that the probationer willfully violated his/her terms of probation.
Id. at 1267 (citations omitted).
The state failed to meet the standards enunciated in Steiner. Although this court is compelled to reverse for insufficient evidence, we make the following observations regarding the claimed error of the trial court in permitting the community control officer to testify in the face of a discovery violation. Suffice it to say that while an inquiry into the circumstances surrounding a discovery violation at trial is required by Richardson v. State, 246 So.2d 771, 775 (Fla. 1971), the absence of such an inquiry does not constitute reversible error, as it relates to a revocation of probation proceeding. See Cuciak v. State, 410 So.2d 916 (Fla. 1982). Moreover, the record reflects substantial compliance with the Richardson requirement.
Accordingly, the order and sentence appealed from are reversed for insufficient evidence and the cause is remanded to the trial court with directions to restore appellant to his community control status.[1]
ANSTEAD and GUNTHER, JJ., and MAGER, GERALD, Senior Judge, concur.
NOTES
[1] Insofar as the state's authority to request another probation revocation hearing in order to present further proof of violation of the condition in question, see Green v. State, 463 So.2d 1139 (Fla. 1985) and Purvis.