SMITH, Judge.
Appellant challenges an order revoking his community control. We reverse and remand.
Appellant pled guilty to the offense of aggravated battery, and was placed on community control. As a condition of community control, appellant was forbidden to have contact with Pamela Boynton, the victim of the aggravated battery; also, appellant was required to remain at his residence at all times except on certain, pre-approved occasions. An affidavit charging appellant violated these and other conditions was later filed by appellant’s community control officer. At the conclusion of a hearing, the lower court announced on the record that it found appellant had violated the terms of his community control because he had contact with Pamela Boynton and because appellant “[was] out of place.... ” Thereafter, a written form order was entered revoking appellant’s community control. The order did not identify the grounds of revocation.
While the record supports revocation on the ground that appellant was in contact with Pamela Boynton[1] and that he was *88 absent from his residence without permission on at least some of the occasions identified by the community control officer, we are nevertheless required to reverse and remand for entry of a written order specifying the basis for revocation. This is not a case where the record conclusively establishes that appellant violated all of the conditions alleged to have been violated in the affidavit for revocation of community control.[2] See, McHellen v. State, 591 So.2d 668 (Fla. 1st DCA1991). Therefore, we remand for entry of a written order stating the grounds for revoking community control. Knight v. State, 566 So.2d 339 (Fla. 1st DCA1990); Robinson v. State, 609 So.2d 89 (Fla. 1st DCA 1992).[3]
The order under review is REVERSED, and the cause REMANDED for entry of a new order. The appellant need not be present for entry of a second order.
KAHN and WEBSTER, JJ., concur.

. Appellant has argued that he was in contact with Pamela Boynton, his wife, only to help after she had been attacked by another man. A police officer testified that she was summoned to Pamela Boynton’s residence on the report that appellant was beating his wife. Regardless of the reason for the contact, there was undeniably contact which was prohibited.

. In addition to the violations noted above, it was also alleged that appellant used or possessed a weapon and committed a battery, contrary to the conditions of community control. The lower court did announce during the hearing that the state failed to sufficiently prove appellant used or possessed a weapon.

. The requirement of stating in the order the specific violations relied upon as the basis for revoking community control or probation serves several purposes, not the least of which is to facilitate review by an appellate court in event of an appeal.