PER CURIAM.
Ronald Alexander DuBois has appealed an order revoking his probation. We affirm, with directions that the written revocation order be conformed to the trial court’s oral pronouncement.
DuBois was charged with violating the conditions of his probation requiring reports to his probation officer, that he live and remain at liberty without violating any law, and that he enter and successfully complete a drug education program. After an evidentiary hearing, the trial court found:
[Y]ou have violated the terms and conditions of your probation by not enrolling and completing the drug education program, did not report for the month of July, were arrested for the offense of robbery for which the Court’s conscience is satisfied that you were involved in it based upon the testimony and the getting out of the vehicle "and running when Officer Treadwell was behind you. For these reasons, the court will at this time find you in violation, will revoke [and] set aside your probation.
The court thereafter imposed a guidelines sentence.
DuBois’ counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) averring that he can make no good faith argument for reversal. However, the independent review of the record required by State v. Causey, 503 So.2d 321 (Fla.1987) revealed that, despite making acceptable oral findings of the basis for revocation, the trial court did not enter a written order reciting the specific violations found. See Robinson v. State, 609 So.2d 89 (Fla. 1st DCA 1992). We therefore affirm the revocation of probation herein, but direct that the trial court enter a written revocation order stating the specific grounds for revocation in conformance with its oral pronouncement.
Affirmed with directions.
ZEHMER, C.J., SMITH, J., and WENTWORTH, Senior Judge, concur.