BENTON, Judge.
On appeal from judgment and sentence imposed after a revocation hearing and oral revocation of probation, James Alan Jacobs contends that the trial court erred in revoking his probation for consuming alcoholic beverages and driving while his license was suspended. At the revocation hearing, his probation officer testified that Mr. Jacobs admitted drinking alcoholic beverages; and appellant admitted the driving offense. The hearing transcript is part of the record on appeal. See Hamm v. State, 473 So.2d 816 (Fla. 2d DCA 1986).
Mr. Jacobs argues that revocation was not warranted for violations of conditions of probation he characterizes as relatively insignificant. We reject this contention on the facts of this case. We note that alcohol use was implicated in the offense for which Mr. Jacobs was placed on probation. The trial court had good reason to find appellant’s violations willful, substantial, and not merely technical.
The written order revoking probation was not entered until after notice of appeal was filed. Because the judgment and sentence — unlike the order of revocation — were entered before the notice was filed, the taking of an appeal divested the trial court of jurisdiction. Appellant’s objection that the trial court had no jurisdiction to enter the revocation order is, therefore, well taken. We do not, however, agree that even the complete lack of a written order would constitute harmful error on this record. See Thomas v. State, 685 So.2d 475 (Fla. 3d DCA 1991). Accord McHellen v. State, 591 So.2d 668 (Fla. 1st DCA 1991). We distinguish the present case from Eckhart v. State, No. 95-1381, 1996 WL 5141 (Fla. 1st DCA Jan. 8, 1996); Wood v. State, 653 So.2d 493 (Fla. 4th DCA 1995); and Wiggers v. State, 652 So.2d 1294 (Fla. 1st DCA 1995), where we affirmed but remanded because no written order of revocation of probation had been entered. Here a written order in which the trial court memorialized his reasons for revocation is already of record, and no purpose would be served by a remand.
Affirmed.
JOANOS and VAN NORTWICK, JJ., concur.