MICKLE, Judge.
Antonio Cordell Thurman has appealed from an order revoking his probation. The appellant’s counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting that no good-faith argument can be made that reversible error occurred below. Having conducted an independent review of the record in accordance with State v. Causey, 503 So.2d 321 (Fla.1987), we agree that no reversible error occurred. We affirm the revocation order, with directions that two corrections of the record be made by the trial court.
First, counsel correctly notes that the revocation order states that the appellant entered a plea of nolo contendere, whereas, in fact, the trial court determined, based upon eyewitness testimony, that the appellant had committed the substantive offenses on which the affidavit of violation of probation is based. We direct the trial court to amend the written revocation order accordingly. See Satterwhite v. State, 634 So.2d 1158 (Fla. 1st DCA 1994) (affirming judgment and sentence in Anders appeal and ordering amendment of the judgment to reflect that the defendant had a jury trial and did not plead no contest).
Second, although the record demonstrates that the trial court made acceptable oral findings relating to the grounds for revocation, it did not enter a written order reciting the specific violations found. We direct the lower tribunal to enter a proper written order in accordance with DuBois v. State, 636 So.2d 202 (Fla. 1st DCA 1994), and Robinson v. State, 609 So.2d 89 (Fla. 1st DCA 1992), setting forth specific findings conforming to the oral pronouncement.
AFFIRMED with directions.
MINER and LAWRENCE, JJ., concur.