PER CURIAM.
In this Anders[1] appeal we affirm the revocation of community control and the judgment and sentence without discussion. However, on remand the trial court is directed to enter an amended order revoking community control, stating the terms and conditions of community control that have been violated. Houston v. State, 688 So.2d 4 (Fla. 1st DCA 1997); Sanchez v. State, 675 So.2d 263 (Fla. 4th DCA 1996); Vezina v. State, 667 So.2d 294 (Fla. 1st DCA 1995); Jones v. State, 638 So.2d 126 (Fla. 1st DCA 1994); Robinson v. State, 609 So.2d 89 (Fla. 1st DCA 1992); Frazier v. State, 571 So.2d 593 (Fla. 2d DCA 1990); Clark v. State, 510 So.2d 1202 (Fla. 2d DCA 1987). The appellant need not be present for this clerical correction. Bontrager v. State, 678 So.2d 518 (Fla. 1st DCA 1996).
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
PETERSON, C.J., and COBB and THOMPSON, JJ., concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).