704 So.2d 681 (1997)
Jerome DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3753.
District Court of Appeal of Florida, First District.
December 18, 1997.
Rehearing Denied January 28, 1998.
*682 Nancy A. Daniels, Public Defender, and Raymond Dix, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and J. Ray Poole, Assistant Attorney General, Tallahassee, for Appellee.
MICKLE, Judge.
This is an appeal from an order revoking community control. The appellant contends that the trial court acted vindictively and erred by finding willful, substantial violations of the conditions of community control; by denying a motion for continuance to allow the appellant to be examined by a mental-health expert; by entering a deficient written order of revocation; and by failing to give the appellant proper total credit for jail time previously served. We affirm the judgment and sentence.
In Circuit Court Case No. 94-2626 ("the 1994 case"), the appellant was charged with burglary of a dwelling and petit theft. He entered a plea of no contest, was adjudicated guilty, and was placed on probation. During his probationary period in the 1994 case, he was charged in Circuit Court Case No. 95-3749 ("the 1995 case") with the sale of crack cocaine, and an affidavit of violation of probation was filed. He pled no contest to the sale of "imitation" cocaine, was adjudicated guilty, and was sentenced to 6 months in jail, to be *683 followed by 18 months' community control. In both cases, June 5, 1996 affidavits of violation of community control were filed, alleging that the appellant had failed to remain confined in his approved residence during hours when he was not authorized to be anywhere else, and that he had failed to reimburse the county for the costs of prosecution. He was arrested in August 1996, and a revocation hearing was held on September 20, 1996.
For the first time at hearing, defense counsel sought a continuance to allow the appellant to be examined by a mental-health expert in support of the defense's theory that the appellant suffered from drug and alcohol addiction and was mentally incapable of appreciating the meaning of the conditions of community control and complying therewith. The motion for continuance was denied. The appellant bears the burden of demonstrating prejudicial error, and the decision to deny such a motion will not be reversed absent an abuse of discretion. Smith v. State, 525 So.2d 477, 479 (Fla. 1st DCA 1988); McKay v. State, 504 So.2d 1280, 1282 (Fla. 1st DCA 1986) (in determining whether a continuance should be granted to provide adequate time for preparation of a defense, a trial court should consider 1) the time available for preparation, 2) the likelihood of prejudice resulting from denial of the motion, 3) the defendant's role in shortening the preparation time, 4) the complexity of the case, 5) the availability of discovery, 6) the adequacy of counsel, and 7) the skill and experience of counsel and his or her prior experience either with the particular defendant or with the alleged crime). Having considered the particular facts of the case and the circumstances in which the eleventhhour motion was made, and noting the other factors set forth in McKay, we conclude that the trial court did not abuse its discretion in denying the motion for continuance.
The affidavits of violation of community control listed six violations of Condition (11) (which required the appellant to remain confined to his approved residence, except for time away relating to his employment, to public service work, or to "other special activities" approved by his community-control officer) during the period from March through May 1996, as well as violations of Conditions (18), (19), and (21) (which required the appellant to pay to the clerk of the court certain costs of prosecution). The enumerated costs in the 1994 and 1995 cases total $255.00 and $655.00, respectively. Trial courts have broad discretion in determining whether a term of community control has been violated, and the proper standard of review is whether the lower tribunal abused its discretion. Van Wagner v. State, 677 So.2d 314, 317 (Fla. 1st DCA 1996). It is proper to revoke probation only upon a showing of a deliberate, willful, and substantial violation of the conditions thereof. Id. at 316.
As to Condition (11), a defendant's failure to obtain necessary permission before leaving an approved residence is a proper reason for revoking community control. Boynton v. State, 622 So.2d 87 (Fla. 1st DCA 1993). At the revocation hearing, the 21-year-old appellant acknowledged knowing that community control is like "house jail" and that the conditions of community control required him to be at home except when properly excused. He admitted that "several times" during the applicable period, his supervising officer had correctly determined that the appellant was away from his residence for none of the enumerated permissible reasons. Officer Willie Dickey testified that he had explained the terms and conditions of community control and that the appellant had signed a certified order stating his understanding of those conditions. The officer described the six occasions when he had discovered that the appellant was absent from his approved residence without prior permission. We conclude, therefore, that the record amply supports the trial court's finding that the appellant willfully and substantially violated Condition (11) and "is not amenable to supervision outside of the prison system."
When questioned about the costs of prosecution, the appellant admitted his failure to pay anything. He explained that he had been unable to make any of the payments during a period of unemployment, and that after he secured a job, he did not have any *684 "extra money" to allot to the payment of costs. He blamed this problem partly on his inability to secure steady employment, on his voluntary financial assistance to his children, and on overdue cable ($200.00) and light ($500.00) bills in his name. The trial court never made an express oral finding of a substantial, willful violation of the conditions mandating payment of costs, and no such finding is reasonably inferable from the court's comments made at the revocation hearing.
The appellant has set forth the general rule that a formal written order based on the violation of conditions of probation "must conform to the oral pronouncements at the revocation hearing and sentencing." Maddox v. State, 619 So.2d 473 (Fla. 1st DCA 1993). The written revocation order in Maddox did not set forth the specific conditions of probation that the defendant was found to have violated. At the revocation hearing in Maddox, the trial court had found substantial, willful violations of two of the four violations set forth in the affidavit of violation of probation. We affirmed the decision to revoke probation, but remanded for amendment of the written order to reflect the specific terms and conditions violated. Id.
In its written revocation orders concerning the 1994 and 1995 cases, the trial court in the case at bar failed to state the specific ground(s) on which it based the revocation of community control. Instead, it noted that at the hearing, the appellant had been found "guilty of the violation of community control allegations," and it alluded to violation of "the conditions of his supervision... as outlined in the affidavit of June 5, 1996." (Italics added). Because the instant case is subject to section 924.051, Florida Statutes (Supp.1996), and the appellant has not demonstrated prejudicial error arising from the alleged discrepancies between the oral pronouncement and written order, we conclude that the issue was not properly preserved for appeal. The record established that the appellant was properly sentenced based on his violation of Condition (11).
After revoking community control in the 1994 case, the trial court sentenced the appellant to 3 years in prison and orally announced that he had 166 days of credit for time served. In the 1995 case, the court sentenced him to 2 years in prison and orally indicated that he had 157 days of credit for time served. See § 921.161, Fla. Stat. (1995) ("jail credit" statute); Cook v. State, 645 So.2d 436 (Fla.1994) (when community control is revoked and sentences are imposed on underlying offenses, defendant is entitled to credit on earlier offense for jail time served in subsequent offenses). The judge told the appellant, "You'll be given credit for the time that you've served in the county jail." The respective written sentencing orders reflect that the appellant is to be allowed 166 and 157 days of "credit for time incarcerated before imposition of this sentence." On appeal, the appellant claims that the trial court failed to give him the proper total credit (323 days, i.e., 166 + 157 days) for time previously served.
Inasmuch as the appellant failed to file a timely motion pursuant to Fla. R.Crim. P. 3.800(b) challenging the award of jail credit time, this issue was not preserved for appellate review. § 924.051(3), Fla. Stat. (Supp. 1996). The appellate record affords no basis for a finding that the resulting sentence is "illegal," as defined in Davis v. State, 661 So.2d 1193, 1196 (Fla.1995), or that any error, let alone "fundamental error," occurred in the trial court.
From our de novo review of the record, we conclude that the appellant's claim of judicial vindictiveness underlying its rulings is unsupported by the record.
AFFIRMED.
WEBSTER and LAWRENCE, JJ., concur.