711 So.2d 1321 (1998)
Dennis W. TURNER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3245.
District Court of Appeal of Florida, Fifth District.
June 5, 1998.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Defendant appeals from an order of the trial court revoking his community control and probation, and sentencing him to a term of incarceration. He argues only that the evidence was insufficient to find a wilful violation of the terms of his community control. The trial court found he had violated the terms of his community control by operating a motor vehicle with a suspended license, and being away from his approved residence without permission. Appellant admitted driving while his license was suspended and being away from his approved residence without permission, but attempted to convince the court he had a good medical reason for doing so. The court was unconvinced that there was a medical reason or that any such condition required appellant to violate the terms of the order. We find no abuse of the court's discretion in ruling on disputed facts. There was evidence from which the court could conclude that the violation was not the result of a medical condition. See Edgerton v. State, 703 So.2d 1249 (Fla. 5th DCA 1998). Driving on a suspended license and absence from an approved residence will sustain revocation of community control. See Jones v. State, 678 So.2d 890 (Fla. 4th DCA 1996); Jacobs v. State, 668 So.2d 294 (Fla. 1st DCA 1996).
AFFIRMED.
GRIFFIN, C.J., and W. SHARP, J., concur.