DELL, J.
Aristarco Benitez appeals the revocation of his community control and the sentence imposed. We affirm in part, reverse in part, and remand.
On April 1, 1996, appellant pled guilty to one count of armed burglary of a dwelling and four counts of aggravated assault. The trial court sentenced him to six months of community control followed by two-and-one-half years of probation. On November 14, 1996, his community control officer filed a six count violation of community control affidavit. In Count I, the officer alleged that appellant violated condition 1-4 because he received a citation for speeding and in Count II the officer alleged that he failed to appear in court for a traffic hearing. Condition 1-4 ordered appellant to not violate any law of any city, county, state or the United States. In Counts III, IV, and V of the affidavit, the officer alleged that appellant violated condition J-9 on three occasions by failing to remain at his residence. Condition J-9 required appellant to remain confined to his approved residence except for one-half hour before and after his approved employment, public service work or any other special activities approved by his community control officer. In Count VI, the officer alleged that appellant violated condition I-1 by failing to obtain consent from his community control officer prior to changing his residence.
At appellant’s violation of community control hearing, the state elected not to proceed on Count VI. After hearing evidence on the five remaining counts, the *1089 trial court found one violation of condition 1-4 for speeding and three violations of condition J-9, but concluded the state did not prove appellant failed to appear at the traffic hearing. The trial court revoked appellant’s community control and sentenced him to 103.5 months for armed burglary, and concurrent terms of sixty months for each count of aggravated assault.
Appellant contends that the trial court erred in revoking his community control for violating condition 1-4 because the only evidence of speeding was hearsay. At the revocation hearing, the state did not introduce the speeding citation or present the police officer’s testimony. The state relied only upon the community control officer’s testimony that appellant admitted to receiving a speeding citation. Although appellant’s admission that he received a citation was admissible as non-hearsay evidence, appellant only admitted to receiving a citation for speeding. The state failed to present any evidence that he was in fact speeding. Cf. Myers v. Florida Parole and Probation Comm’n, 705 So.2d 1000, 1001 (Fla. 4th DCA 1998). We reverse the trial court’s finding that appellant violated condition 1-4 of the order of community control for lack of evidence.
Appellant also contends that the trial court erred in finding three violations of condition J-9. He cites Jackson v. State, 622 So.2d 1027 (Fla. 4th DCA 1993), in support of his argument that the state failed to establish that his absence from his home on each of the three occasions was unrelated to any activity authorized by the community control order. In Jackson, the state’s sole witness was the defendant’s community control officer. Id. at 1028. The officer testified that he had gone to the defendant’s house:
[0]n August 16, 1992, at approximately 8:00 P.M., “knocked on the door”; “saw no lights in the house”; neither [the defendant] nor “no one else in the house answered the door”; he walked around the house “to see if I could see anyone out back — there was no one out back”; called [the defendant’s] home telephone number “and the phone rang, and rang, and rang, no one answered the phone.”
Id. After the trial court sustained defense counsel’s objection to the state’s admission of defendant’s weekly log into evidence because of a discovery violation, the state withdrew its questions concerning the log and rested its case. Id. The record, therefore, contained no evidence of the weekly log or testimony concerning its content. The defendant then moved for a judgment of acquittal based on the state’s failure to prove that he violated his community control by being absent from his home. Id. The trial court denied his motion. Id. On appeal, this court reversed, holding that the evidence, which consisted solely of the community control officer’s testimony, “did not affirmatively demonstrate [the defendant’s] absence from his residence was not related to any of the permitted purposes.” Id. The state’s only evidence was that the defendant was not at home at the time the officer visited his residence. Id.
Appellant’s reliance upon Jackson is misplaced. Here, the record contains detailed testimony by the community control officer concerning appellant’s supervision. The officer testified that he became appellant’s community control officer on April 4, 1996. He met with appellant and explained the rules and conditions of his community control, and the rules for his house arrest. He further testified that he and appellant met on a weekly basis to prepare appellant’s schedule for the following week. The officer refreshed his recollection by referencing the weekly logs and testified that on the three occasions giving rise to the J-9 violations, he did not give appellant permission to be elsewhere.
Under Robinson v. State, 609 So.2d 89 (Fla. 1st DCA 1992):
Proof sufficient to support a criminal conviction is not required to support a judge’s discretionary order revoking community control. The state need only show by a preponderance of the evidence that the defendant committed the offense charged. Griffin v. State, 603 *1090 So.2d 48, 50 (Fla. 1st DCA 1992). Further, hearsay is not inadmissible at a revocation hearing, it simply cannot be the sole basis for a finding of violation of community control. Whisler [v. State, 569 So.2d 934 (Fla. 1st DCA 1990) ] at 935.
Id. at 90.
The record contains the officer’s testimony concerning his actions and observations on the dates in question.[1] It also contains extensive testimony by the officer concerning his knowledge of appellant’s schedule, the conditions of his community control, and appellant’s lack of permission to be elsewhere at the times of the violations. We hold that this direct evidence coupled with the hearsay evidence furnishes sufficient evidence to support the trial court’s finding appellant guilty of three violations of condition J-9.
Accordingly, we affirm the trial court’s revocation of appellant’s community control for three violations of condition J-9. We reverse the violation based upon condition 1-4. We also reverse the sentences imposed and remand for resentencing because we cannot determine from the record whether the trial court would have imposed the same sentence based only on the J-9 violations. See Costanz v. State, 740 So.2d 71, (Fla. 4th DCA 1999); Mathis v. State, 683 So.2d 634, 637 (Fla. 4th DCA 1996).
AFFIRMED in part; REVERSED, in part, and REMANDED.
GUNTHER and HAZOURI, JJ., concur.

. The officer testified that on September 2, 1996, he went to appellant’s residence, knocked on the door and window, called appellant on the phone, and got no answer. Appellant’s brother subsequently came out and told the officer that appellant was not there. On September 7, 1996, the officer went to appellant’s residence again, knocked on the door, called appellant on the phone, and got no answer. Appellant’s neighbor confirmed that appellant wa's not home, stating that he had left with his brother. Finally, on September 10, 1996, the officer found that appellant was not at his residence, as required by his schedule. Appellant's brother informed the officer that appellant was not home because he had just left.