FARMER, J.
We reverse the final order revoking defendant’s community control because the evidence does not support the trial court’s finding of a willful violation or that there was in law any violation at all.
Defendant was employed as a limousine driver when he began community control. His assigned officer instructed him on procedures relating to his home absences during work. This officer testified that defendant’s weekly schedules were subject to change in the field with added trips, some out of the county. He instructed defendant that he would be permitted to perform the schedule changes so long as he reported them to the officer the next day and supplied evidence of their nature. The officer also testified that defendant was diligent in his employment, that he had a disabled child, and that he made a special effort to earn money to support his child’s disabilities and needs. Defendant complied with these instructions, and the officer continued to supervise him for five months until he was succeeded by a new officer.
On the day of the events leading to revocation, the new officer met for the first time with defendant. The new officer testified that the meeting was brief, that he did not reinstruct defendant, that he did tell him not to change his schedule without letting him know, that he did not have a pager as the previous officer did and that if defendant had later that evening called him from the field with a schedule change he would have gotten only his voice mail. He did not have defendant sign a new instruction form; nor did he otherwise indicate that any instructions of the previous officer were no longer effective.
Early the next morning the new officer visited defendant’s residence but he was not there. He waited for only a few minutes and then went to his office. More than an hour after arriving at his office the new officer reached defendant, who immediately explained that he had been required to drive a passenger to Key West, that he had driven all night, that he was required to attend a business meeting upon his return, and that when the new officer was attempting to reach him, he was briefly dozing in his car from fatigue. The passenger who had ordered the trip to Key West testified and confirmed the details thereof as given by defendant. Defendant testified that the new officer had specifically approved of the Key West trip, and that he had advised the officer that the time of his return to his residence was uncertain because the passenger controlled the timing, and that with an all night trip he might be forced to sleep in the car. The state did not dispute this testimony by any contrary testimony of the officer.
We also note that at the beginning of the hearing on the state’s proceeding to revoke community control, the State informed the court that it had reached an agreement with defendant and was thus recommending an adjudication and a modification of the original sentence to a four year probation term with the same special conditions. The State explained:
“the State believes that it would be a problem if it went forward on a violation of probation hearing proving that it was willful and substantial, considering both the depositions of the community control officers. The victim is present and has *1086 indicated his agreement with such a sentence and his belief that it was not a ■willful and substantial violation. All the other discovery involved in the case, that where the defendant was and what he was doing, I believe the evidence would be presented to Your Honor that it was not willful or substantial.” [e.s.]
The court refused the state’s request without explanation.
A violation triggering revocation of community control must be deliberate, willful and substantial. See Jackson v. State, 622 So.2d 1027, 1029 (Fla. 4th DCA 1993); Steiner v. State, 604 So.2d 1265 (Fla. 4th DCA 1992). The state bears the burden of proving the willful and substantial nature of the violation by the greater weight of the evidence. See Jackson, 622 So.2d at 1029; Anderson v. State, 711 So.2d 106, 108 (Fla. 4th DCA 1998). Even resolving credibility issues in favor of the state, the evidence fails to support a finding of a deliberate, willful and substantial violation.
REVERSED.
WARNER, C.J., and TAYLOR, J., concur.