PER CURIAM.
We have for review an order of the trial court revoking James Baker’s community control and sentencing Baker to twenty-five years in prison. While the State alleged five violations, the trial court found Baker guilty of only three: failure to remain confined to his approved residence on August 27, 1999, “as evidenced by his new felony charge of Grand Theft” (count III); failure to pay the monthly costs of his supervision (count IV); and failure to pay the costs of his electronic monitoring (count V). With respect to count III, Baker contends that the hearsay evidence was insufficient to support revocation and that *411 the judge’s remarks regarding count III suggest that the court revoked his community control on a ground not charged. As for counts IV and V, Baker contends that it was error for the trial court to revoke his community control absent evidence that he had the ability to pay the sums due. We reject Baker’s claims regarding count III without further comment. As for counts IV and V, while we find that the record evidence was insufficient to support a guilty finding on these violations, we nonetheless affirm the revocation and sentence based upon count III — the more serious of the violations.
A defendant’s probation or community control cannot be revoked unless the violation is willful. See Teich v. State, 776 So.2d 1084, 1086 (Fla. 4th DCA 2001)(holding that “[a] violation triggering revocation of community control must be deliberate, willful, and substantial”). Thus, to establish that a defendant violated his or her probation or community control by failing to pay court-ordered costs, the State must present evidence that the defendant had the ability to make such payments. See Robinson v. State, 773 So.2d 566, 567 (Fla. 2d DCA 2000). The State concedes that there was no such evidence in the instant case, thus, the finding of guilt as to the violations alleged in counts IV and V must be reversed. In spite of the concession of error, however, the State argues that the revocation of Baker’s community control should be affirmed as the remarks of the judge indicate that he would have revoked Baker’s community control on the violation charged in count III alone. The record supports the State’s contention in this regard. Moreover, it is clear to us that the trial judge would have imposed the same sentence absent the violations charged in counts IV and V. Consequently, we affirm the order appealed. See Griffin v. State, 719 So.2d 972 (Fla. 4th DCA 1998); Olvey v. State, 707 So.2d 1189 (Fla. 2d DCA 1998).
We remand the case so that the trial court may enter an amended order of revocation, citing only the violation charged in count III. Baker need not be present when the amended order is entered.
AFFIRMED and REMANDED.
WARNER, C.J., STEVENSON and HAZOURI, JJ., concur.