COHEN, J.
 

 Appellant, Willie Gene Herring, was charged by affidavit with violating the terms of his community control. He was placed on community control with electronic monitoring for the offenses of lewd or lascivious battery of a person between twelve and sixteen years of age,
 
 [1]
 
 and lewd or lascivious molestation of a person between twelve and sixteen years of age.
 
 [2]
 
 Following a hearing, the trial court found a
 
 *967
 
 willful violation of conditions 8, 11, and 26. Implicitly, the trial court found insufficient evidence relating to condition 13.
 

 The gravamen of the violations centered on trips Appellant made over Memorial Day weekend to a Save Rite pharmacy located across the street from his approved residence. The affidavit alleged that Appellant went to the store on two occasions without receiving permission and as a result was out of his residence and in violation of his community control officer’s instructions (conditions 8 and 11). The affidavit also alleged Appellant failed to maintain a driving log (condition 26) and a log of all of his activities (condition 13). The only issues on appeal are the willful and substantial nature of any violation of conditions 8 and 11. The State properly concedes error as to the violation of condition 26. The only evidence reflects that Appellant walked rather than drove to the Save Rite, thus not requiring a driving log. We strike the finding that Appellant violated condition 26.
 

 We review for an abuse of discretion the issue of the willfulness of the remaining violations.
 
 Davis v. State,
 
 704 So.2d 681, 683 (Fla. 1st DCA 1997). The facts present a close call. The evidence established that, in the past, Appellant’s community control officers were more lax than his current officer. He was allowed some leeway, particularly with respect to his visits to Save Rite. However, his current officer made clear that permission to deviate from the approved schedule had to be obtained in advance. Appellant made two unauthorized trips to the Save Rite, each of relatively short duration. On the first occasion, Appellant attempted to secure his community control officer’s consent but was unable to reach her by telephone. He made no attempt to secure permission the following day. It is also relevant to the issue of willfulness that on the second occasion, Appellant did not purchase medication or other essentials, but vodka and tonic.
 

 Appellant was on community control for serious offenses and, as the trial judge stated, his home was a substitute for incarceration. A defendant’s failure to obtain the necessary permission before leaving an approved residence has been found to be a sufficient basis for revoking community control.
 
 Id.
 
 We cannot say that no reasonable person would not have taken the view adopted by the trial judge, and therefore, there can be no abuse of discretion.
 
 See Canakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980). Trial courts are afforded broad discretion in determining whether the facts and circumstances of a case constitute a willful and substantial violation.
 
 Anthony v. State,
 
 854 So.2d 744, 747 (Fla. 2d DCA 2003).
 

 A review of the hearing clearly reflects that the basis for the trial court’s violation of community control was Appellant’s unexcused absences from his approved residence, and that the sentence imposed would not be altered by the striking of the allegations regarding the driving log contained in condition 26.
 
 See Dawkins v. State,
 
 936 So.2d 710, 713 (Fla. 2d DCA 2006). Accordingly, we affirm the revocation of community control.
 

 AFFIRMED.
 

 GRIFFIN and ORFINGER, JJ., concur.
 

 [1]
 

 . § 800.04(4)(a), Fla. Stat. (2005).
 

 [2]
 

 . § 800.04(5)(c)2., Fla. Stat. (2005).