ALTENBERND, Judge.
Louis Reed appeals the order revoking his community control and the ten-year sentence of imprisonment imposed on the revocation. We affirm the revocation of his community control and the sentence. Because the written order of revocation does not comport with the oral pronouncement and because one of the findings of a violation of community control was not proven, we remand with directions to the trial court to strike the revocation order and to enter a corrected order of revocation.
For events in 2009 and 2010, the State charged Mr. Reed with a scheme to defraud, as a second-degree felony, and five additional charges of fraudulent use of personal identification. Facing a maximum of forty years’ imprisonment, Mr. Reed negotiated a favorable plea that ultimately resulted in judgments and sentences for concurrent nine-month terms of incarceration in the county jail on all of these charges. On the second-degree felony the term of incarceration was followed by two years’ community control and three years’ probation.
In the first three months after he was released from jail, Mr. Reed violated his community control on multiple occasions. As a result, the State filed an amended affidavit of violation alleging that Mr. Reed had committed eight violations of the conditions of his community control. Three of these violations, involving condition 5 of Mr. Reed’s community control, were new criminal offenses. Two of the new offenses involved fraud, and the other involved fleeing to elude a law enforcement officer. Five of these violations concerned allegations that Mr. Reed had failed to comply with the condition of community control that required him to remain confined to his approved residence “except for one half hour before and after [his] approved employment, public service work, or any other special activities approved by [his] officer.” Although the affidavit referred to these latter five violations as violations of condition 15 of Mr. Reed’s community control, these violations actually concerned an additional condition 16 of the community control order of supervi *819 sion.[1]
The trial court held a revocation hearing at which the State introduced extensive testimony and evidence. During the hearing, the State decided not to proceed on one of the alleged violations of condition 5. In its oral pronouncement, the trial court found a “willful and material violation” as to the other two violations of condition 5. With respect to the alleged violations of the condition requiring Mr.. Reed to remain confined to his approved residence, the trial court found that Mr. Reed had committed four of the alleged violations[2] but that the evidence was insufficient to establish one of these alleged violations. Accordingly, the trial court revoked Mr. Reed’s supervision order and sentenced him to a term of ten years’ imprisonment.
In this appeal, Mr. Reed does not challenge the trial court’s findings that he committed a willful and material violation of condition 5 of his community control by fleeing to elude a law enforcement officer or its findings that he committed multiple willful and material violations of the condition that required him to remain confined to his residence except in certain approved circumstances. He does, however, correctly argue that the evidence was insufficient to establish that he committed the additional violation of condition 5 alleged in the amended affidavit for which he was found to be in violation. In this regard, the affidavit alleged that Mr. Reed committed the criminal offense of “Fraud-Impersonate-Use/Possess ID of Another Person Without Consent” between September 3 and September 6, 2011. The evidence presented at the revocation hearing appeared to relate to a different offense that occurred after the time frame alleged in the affidavit. Although this violation of condition 5 does not support the revocation of Mr. Reed’s community control, we nonetheless affirm the revocation and the resulting sentence because it is clear from the record that the trial court would have revoked Mr. Reed’s community control and imposed the same sentence based solely on Mr. Reed’s single violation of condition 5 and the four violations of the condition that required him to remain confined to his residence. See Pollard v. State, 930 So.2d 854, 856 (Fla. 2d DCA 2006); Ogletree v. State, 886 So.2d 420, 421 (Fla. 2d DCA 2004); Baker v. State, 789 So.2d 410, 411 (Fla. 4th DCA 2001).
Finally, as argued by Mr. Reed and conceded by the State, the revocation order contains numerous flaws. It does not conform to the oral pronouncement; it incorrectly reflects that Mr. Reed committed all eight violations alleged in the amended affidavit. Additionally, the revocation order incorrectly reflects that Mr. Reed admitted the allegations that were actually contested.
Accordingly, we remand this matter to the trial court with directions to strike the revocation order and to enter a corrected revocation order that refers to only one violation of condition 5 but in all other respects conforms to the oral pronouncement and that does not incorrectly reflect that Mr. Reed admitted to the allegations in the amended affidavit. Additionally, while the references to condition “15” violations in the revocation order were the product of a mistake in the amended affidavit, to avoid any confusion *820 the order entered on remand should reflect the correct condition number.
Affirmed and remanded with instructions.
CASANUEVA and BLACK, JJ., Concur.

. The form order is a combined order of community control and probation. Condition 16 is in a section of conditions following special condition 22.

. At the revocation hearing, Mr. Reed’s attorney conceded on two of these alleged violations of this condition but only after the introduction of evidence that established these violations.