# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

No. 1D17-0556

————————————————

ANTHONY JEROME CROMARTIE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

————————————————

On appeal from the Circuit Court for Escambia County.
Edward P. Nickinson, III, Judge.

March 29, 2018

PER CURIAM.

Appellant appeals from a judgment and sentence entered after the trial court found he had willfully and substantially violated his probation. He argues that we should reverse the revocation order because one of the seven violations the circuit court found is not supported by sufficient evidence. While we agree with the premise of Appellant's argument, we do not agree with the conclusion. We find that the trial court's error is harmless and affirm its order revoking his probation and the judgment and sentence that followed.

A jury found that Appellant had illegally possessed cocaine, marijuana, and drug equipment, and the court sentenced him to serve a total of three years on probation. The terms of his probation required, among other things, that he live without violating the

law, not associate with individuals engaged in criminal activity, promptly and truthfully answer questions from his probation officers, completely abstain from the use of alcohol and illicit drugs, and submit to random drug screenings. The testimony produced at the hearing supports the court's findings that he twice tested positive for marijuana and would not admit to drug use when queried by his probation officers on either occasion. However, there was no evidence that he associated with anyone engaged in criminal activity. Therefore, the court's finding that he had done so is not supported by the record. *See Savage v. State*, 120 So. 3d 619, 621 (Fla. 2d DCA 2013) ("Many appellate decisions state that a revocation order is reviewed for an abuse of discretion; in actuality, on appeal, we first assess whether the finding of a willful and substantial violation is supported by competent substantial evidence.").

We must next determine whether the court would have revoked Appellant's probation and sentenced him to the same two years in prison had it declined to find that Appellant associated with someone engaged in criminal activity. *See Reed v. State*, 127 So. 3d 817, 819 (Fla. 2d DCA 2013); *David v. State*, 75 So. 3d 386, 387 (Fla. 1st DCA 2011). The court clearly stated it was revoking Appellant's probation and sentencing him to two years in prison because he continued to use drugs while on probation for possessing drugs. The court never mentioned an association with someone involved in criminal activity. Therefore, it is clear that the court would have made the same decisions had it properly found that there was no evidence Appellant associated with people engaged in criminal activity. We therefore affirm the court's decision to revoke Appellant's probation and sentence him to two years in prison. We however instruct the trial court to strike the order revoking probation and enter an amended revocation order that omits the finding that Appellant violated term six of his probation. *See Reed*, 127 So. 3d at 819–20.

AFFIRMED and REMANDED with instructions.

WETHERELL, MAKAR, and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Sharon S. Traxler, Assistant Attorney General, and Holly N. Simcox, Assistant Attorney General, Tallahassee, for Appellee.