PER CURIAM.
Davion Sanders appeals the judgment and sentence entered against him after the trial court found that he violated several conditions of his probation. We affirm in all respects, except for the finding that Sanders violated condition six of his probation. As to condition six, which prohibited Sanders from associating with a person *289 known to engage in criminal activity, the State concedes, and we agree, that evidence of a positive drug test did not support a finding that Sanders violated this condition. See Cromartie v. State, 241 So.3d 970, 971 (Fla. 1st DCA 2018). Such error is fundamental. See Odom v. State, 15 So.3d 672, 678 (Fla. 1st DCA 2009). Nevertheless, we find that it is clear from the record that the trial court would have made the same decision to revoke Sanders' probation and sentence him accordingly[1] had it properly found that there was no evidence Sanders associated with a person engaged in criminal activity. Id. (citing Reed v. State, 127 So.3d 817, 819-20 (Fla. 2d DCA 2013) ).
Accordingly, we affirm Sanders' judgment and sentence but remand with directions that the trial court strike that portion of the order finding a violation of condition six.
AFFIRMED in part, REVERSED in part, and REMANDED.
BERGER, WALLIS and EISNAUGLE, JJ., concur.

Sanders was sentenced to 180 months in the Department of Corrections for both of the underlying charges of Attempted First-Degree Premeditated Murder and Possession of a Firearm by a Delinquent. The trial court ordered that the sentences run concurrently.