655 So.2d 1186 (1995)
Willard Lee BINGHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1474.
District Court of Appeal of Florida, First District.
May 16, 1995.
*1187 Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Stephen R. White, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Willard Lee Bingham appeals an order revoking probation and his consequent sentences. We reverse, because there was no evidence that Bingham violated a condition requiring him to submit to psychosexual counseling, as there was no requirement of completion.
Bingham was sentenced to two concurrent 15-year probationary terms for two counts of lewd act on a child. Condition 11 of the probation order provided:
You will submit to PSYCHO/SEXUAL evaluation and treatment as directed by your probation officer and shall be responsible for the payment of any costs incurred while receiving said treatment.
An affidavit of violation of probation was filed on February 9, 1994, alleging a violation of condition 11. The evidence showed that Bingham submitted to six sessions of psychosexual counseling before he was terminated for unsatisfactory attendance, and that he tried thereafter but failed to find an appropriate counseling program. The court concluded that Bingham substantially and materially violated his probation by disregarding condition 11, and sentenced him to 15 years in prison as to Count I, and to a consecutive probationary term of 15 years for Count II. This was error.
Because condition 11 did not include a requirement of completion or some other time limit, Bingham has satisfied the requirement that he submit to psychosexual counseling. Bell v. State, 643 So.2d 674 (Fla. 1st DCA 1994).
REVERSED and REMANDED with directions to the trial court to reinstate Bingham's probation.
MINER and BENTON, JJ., concur.