PER CURIAM.
We reverse Jeffrey Benjamin Washington’s conviction for violation of probation because the evidence was insufficient for the trial court to conclude that Washington had willfully and substantially violated the condition of his probation requiring him to receive psyehosexual counselling. Cf. Bingham v. State, 655 So.2d 1186 (Fla. 1st DCA 1995).
Mr. Washington was sentenced to eight months in jail followed by two years of community control on September 6, 1991. The trial court imposed as a condition that appellant “submit to a psyehosexual evaluation and follow through with any and all recommended treatment, therapy, or counselling.” On October 19, 1998, the trial court found that Washington had violated community control and entered an “Order of Modification of Community Control” that added a seven-month probationary term (with the same conditions as community control) following completion of community control. On February 24, 1994, an affidavit of violation of probation was filed, alleging that appellant had violated the counselling condition because he had been terminated from the coun-selling program for poor attendance, failure to pay the required fees, and disruptive behavior. The trial court found that appellant willfully and substantially violated the coun-selling condition of his probation.
On appeal, appellant contends that the trial court was without jurisdiction to find a violation of probation, because no probation order was ever entered. Alternatively, Washington argues that any violation of probation was not willful because he sometimes could not arrange transportation to the weekly counselling sessions some distance from his home, and he could not afford the required minimum fee of $10 per week.
We reject appellant’s first contention. Although far from a model of sentencing clarity, the “Order of Modification of Community Control” imposes seven months of probation at the conclusion of the term of community control, which expired on December 25, 1993. The record reveals that the seven months’ probation under conditions identical to those of the prior community control was the sentence requested by appellant at the hearing on the October 1993 violation, so there can be no contention that Mr. Washington was not sufficiently apprised of his obligations.
We agree with appellant, however, that there was inadequate proof of willful and substantial violation of probation. The record evidence supports only the finding that, after missing a single counselling session during the probationary period, Washington was not allowed to continue in the program. The sole witness to testify at the violation of probation hearing indicated that Washington was terminated from the counselling program for transgressions which occurred during Washington’s term of community control. The trial court’s finding of a violation of probation was erroneously founded on that prior misconduct. Once Mr. Washington’s community control expired without an affidavit of violation having been filed, the trial court was without jurisdiction to consider alleged violations of community control. Ev *257 ans v. State, 647 So.2d 180 (Fla. 1st DCA 1994). The trial court could find a violation of probation only for infractions which occurred during the period of probation. A single missed counselling session does not demonstrate willful and substantial noncompliance with a condition of probation. See Bingham.*
Accordingly, we reverse appellant’s conviction for violation of probation.
MICKLE, BENTON and VAN NORTWICK, JJ., concur.

 Interestingly, Mr. Washington, while on community control, attended more than five times as many sessions as the appellant in Bingham prior to his termination from the program for, inter alia, poor attendance.