678 So.2d 432 (1996)
Donovan FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4079.
District Court of Appeal of Florida, Fourth District.
July 31, 1996.
Richard L. Jorandby, Public Defender, and David McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joan Fowler, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The appellant's probation was revoked based solely upon hearsay, which included the testimony of a police officer concerning a witness's identification of appellant as the perpetrator of the crime of exposure of sexual organs. This constituted hearsay because the witness did not testify at the revocation hearing. § 90.801(2)(c), Fla. Stat. (1995); Harrell v. State, 647 So.2d 1016, 1017-18 (Fla. 4th DCA 1994). "While hearsay evidence is admissible in probation revocation proceedings, hearsay alone is insufficient to establish a violation of a condition of probation." Kiess v. State, 642 So.2d 1141 (Fla. 4th DCA 1994). Therefore, the trial court abused its discretion in revoking appellant's probation. We reverse and remand for a new hearing on appellant's alleged violation. See Arnold v. State, 497 So.2d 1356 (Fla. 4th DCA 1986); Purvis v. State, 420 So.2d 389 (Fla. 5th DCA 1982); Robbins v. State, 318 So.2d 472 (Fla. 4th DCA 1975).
Reversed and remanded.
DELL, WARNER and POLEN, JJ., concur.