679 So.2d 871 (1996)
Michael THORNTON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3355.
District Court of Appeal of Florida, Fourth District.
September 18, 1996.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee; and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, Judge.
Appellant, Michael Thornton, appeals from a judgment of conviction and sentence on the charges of fleeing or attempting to elude a law enforcement officer, in violation of section 316.1935, Florida Statutes, and aggravated assault on a law enforcement officer, in violation of sections 784.021 and 784.07, Florida Statutes.
After pleading nolo contendere to the above charges, appellant moved to withdraw his plea at sentencing, which the trial court denied. We affirm the trial court's denial of appellant's motion to withdraw his plea, but remand for resentencing based on the second issue raised by appellant in this appeal.
The trial court in sentencing appellant, used a law enforcement multiplier in computing appellant's scoresheet. The authority for using a law enforcement multiplier is found in rule 3.702(d)(14), Florida Rules of Criminal Procedure (1995), which provides as follows:
If the primary offense is drug trafficking under section 893.135, the subtotal sentence points may be multiplied, at the discretion of the sentencing court, by a factor of 1.5. If the primary offense is a violation of the Law Enforcement Protection Act under subsections 775.0823(2), (3), (4), or (5), the subtotal sentence points shall be multiplied by a factor of 2. If the primary offense is a violation of subsection 775.087(2)(a)(2) or subsections 775.0823(6) or (7), the subtotal sentence points shall be multiplied by a factor of 1.5. If both enhancements are applicable, only the enhancement with the higher multiplier is to be used.
Appellant was not charged with any violation under section 775.087 or 775.0823, nor was he charged under 893.135; therefore, he could not have been sentenced using a law enforcement multiplier. The charges against appellant, as contained in the Information, were based on sections 784.07 and 784.021, and do not fit within the enhancement section of rule 3.702(d)(14).
*872 We therefore vacate appellant's sentence and remand with directions to correct the guidelines scoresheet and to resentence appellant accordingly.
Affirmed; remanded for resentencing with directions.
KLEIN and STEVENSON, JJ., concur.