686 So.2d 697 (1996)
Peter LARANGERA, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0110.
District Court of Appeal of Florida, Fourth District.
December 26, 1996.
Gerald J. D'Ambrosio, Boca Raton, for appellant.
Robert A. Butterworth, Attorney General, Edward Giles and Elaine L. Thompson, Assistant Attorneys General, West Palm Beach, for appellee.
KLEIN, Judge.
We reverse an order revoking probation because the court's order does not recite the specific violations found and because we conclude that there was no violation of one of the conditions which the court orally stated was violated.
From the court's discussion with counsel in closing argument, it appears that the court found that appellant violated the conditions of his probation requiring him to attend counseling and requiring him to obtain the consent of his probation officer before making a change of address. Although appellant was also charged with other violations, there was insufficient evidence to support those charges.
The counseling requirement which appellant was charged with violating was condition M(14) which stated in its entirety that appellant shall "continue marital counseling or individual." Appellant, whose probationary period was two years, stopped attending one type of counseling after twenty-three weeks, and the other after eighteen weeks. He did so voluntarily without being discharged.
In Bell v. State, 643 So.2d 674 (Fla. 1st DCA 1994) the condition of probation was that the defendant "submit to" counseling. He attended a program for eight weeks, but was discharged for refusing to admit his guilt, a requirement of the counseling program. The court reversed revocation of his probation because requiring him to admit guilt or complete the program were not part of the probation condition. Similarly, in Bingham v. State, 655 So.2d 1186 (Fla. 1st DCA 1995), the defendant was also required to "submit to" counseling, and was terminated after six sessions because of his poor attendance. The court held that because the condition did not require completion or contain some other time limit, defendant's probation should not have been revoked.
The state, apparently recognizing that the lack of temporal specificity in condition M(14) lack of temporal specificity in condition M(14) is a problem, only argues that this condition should be read in conjunction with a different condition M(4), requiring evaluation for counseling and a rehabilitation program, both to be selected by the probation officer. Appellant was not charged with violating condition M(4), which appears in a different portion of *698 the probation order, and no evaluation was ever performed for placement in a rehabilitation program. We therefore reject the state's argument that those conditions in M(4) solve the lack of specificity in condition M(14) which appellant was charged with violating.
The trial court also orally indicated a violation arising from the appellant's changes of address. One of appellant's address changes was forced by a restraining order obtained by his wife. The other occurred as a result of appellant going to New Jersey for a week or two in order to look for employment. It is not at all clear that the trial court would have revoked appellant's probation and sentenced him to fifty months in prison solely for failing to notify his probation officer of his involuntary address change or for failing to obtain prior consent before traveling to New Jersey and residing there for a short period of time before returning to Florida.
As the order of revocation fails to specify the specific violations found, it must be reversed for that reason alone. Nelson v. State, 670 So.2d 193 (Fla. 4th DCA 1996); Robinson v. State, 609 So.2d 89 (Fla. 1st DCA 1992). On remand the trial court should therefore make specific findings in writing regarding the change of address charges and determine whether these violations alone warrant revocation, and if so, imposition of the same sentence. Gavins v. State, 587 So.2d 487 (Fla. 1st DCA 1991), Durden v. State, 577 So.2d 640 (Fla. 4th DCA 1991).
WARNER, J., and HAZOURI, FREDERICK A., Associate Judge, concur.