KLEIN, Judge.
Appellant, when he was a juvenile, was charged with attempted murder in 1993, pled guilty, and, although he had been charged as an adult, the court imposed juvenile sanctions. Appellant was placed in the Florida Environmental Institute residential program which required successful completion of three phases.
Appellant completed phase one and phase two which were residential, but phase three required him to maintain employment and obtain his GED. Appellant could have successfully completed phase three after six months if he had obtained his GED; howev *139 er, after that six-month period, during which he had not obtained it, and before he reached age nineteen, he was arrested in 1996 and charged with a new murder.
The issue before us is whether the trial court properly violated the probation which appellant was on for the 1993 crime. Appellant argues that he was mentally incapable of obtaining his GED. He then argues that if he had obtained the GED he would no longer have been on probation. Therefore, he contends, the court should not have revoked his probation, which he was only on because of his inability to comply with the requirement that he get his GED: One of the cases on which he relies is Walls v. State, 596 So.2d 811 (Fla. 4th DCA 1992), in which we held that it was error for a court to impose the condition that the defendant maintain full time employment, because factors beyond defendant’s control could have prevented him from satisfying that condition, and that instead the court should have ordered him to actively seek gainful employment.
If the trial court had imposed the condition of requiring the defendant to get his GED, and if defendant’s probation had been revoked because he failed, through no fault of his own,, to get his GED, defendant’s argument would be more persuasive.
Here, however, appellant’s probation was not revoked because of his failure to get the GED, rather it was revoked for a different reason — the commission óf a felony. Instead of waiting until his probation was being revoked for a different reason to argue that he was unable to get his GED, appellant should have requested that his probation be terminated on the ground that the only condition remaining was getting a GED, and, for reasons which were not his fault, he was unable to comply. Here, however, he is asking us to assume that his probation would have been terminated when that issue was never reached.
We cannot, accordingly, agree with the appellant that this condition was invalid and that he was therefore no longer on probation when he committed the 1996 crime. Nor do we agree with the appellant that the educational requirement was a condition which had to be imposed by the court, rather than by the program. In sentencing a juvenile to a program pursuant to sections 39.059 or 39.054, Florida Statutes (1995), a judge is not required to delineate the requirements of the program with which the juvenile must comply. We have considered the other issues which he raised and find them to be without merit.
Affirmed.
STONE, C.J., and GROSS, J., concur.