722 So.2d 950 (1998)
John SANTIAGO, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0895.
District Court of Appeal of Florida, Fourth District.
December 30, 1998.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas Gurnic, Assistant Attorney General, and Ron D. Herman, Legal Intern, Fort Lauderdale, for appellee.
PER CURIAM.
John Santiago appeals an order revoking his probation after the trial court found that he violated special condition nine of his probation order because he tested positive for marijuana and cocaine and missed four group therapy sessions. We reverse and remand.
The ninth condition of Santiago's probation order required him to "undergo a psychological evaluation and successfully complete any treatment program required." During the fourth year of his probation, his therapist ordered him to undergo random drug testing. We find error in the trial court's finding that Santiago's positive test for controlled substances violated condition nine because his probation order did not command random drug testing and his treatment for a sex offense did not logically contemplate such tests. See Voudry v. State, 641 So.2d 466, 467 (Fla. 4th DCA 1994)(holding probation may only be revoked for violating court-imposed conditions).
We find, however, that the record supports the trial court's determination that Santiago's absence from his group therapy sessions constituted a willful violation of probation. Santiago offered no excuse for missing the group sessions, and we reject his argument that his attendance at individual therapy sessions denotes a reasonable effort to comply with all of the terms of probation. Accordingly, we remand for the trial court to determine whether it would have revoked Santiago's probation based solely on his unexcused absences from his group therapy sessions. See Thompson v. State, 710 So.2d 80 (Fla. 4th DCA 1998).
Reversed and remanded with directions.
STONE, C.J., and POLEN and STEVENSON, JJ., concur.