KLEIN, J.
In a prior appeal by this appellant we reversed an order revoking his probation, and remanded for further proceedings. Larangera v. State, 686 So.2d 697 (Fla. 4th DCA 1996). In that appeal we concluded there was no violation of one of the conditions and remanded for the trial court to reconsider the others. The trial court again revoked his probation on the remaining grounds, and we now conclude that there were no grounds for revocation.
As our earlier opinion reflects, the two remaining grounds were: (1) appellant failed to notify his probation officer of an involuntary change in address forced by a restraining order obtained by appellant’s wife, and (2) appellant traveled to New Jersey where he was offered employment without obtaining prior consent from his probation officer.
We now conclude that the change of address, which was, as we noted in our prior opinion “involuntary,” was not a willful violation. Appellant’s probation should therefore not have been violated on that ground. Anderson v. State, 711 So.2d 106 (Fla. 4th DCA 1998).
As to the trip to New Jersey, appellant testified that after being ordered to leave the marital home he lost his job. He was thus without a place to live and the means to get one. At that point his brother in New Jersey offered him work up there, and he went for a short period, returning one day before he was to contact his probation officer.
Appellant’s probation officer testified that he had previously allowed appellant to go outside Broward County in the past in order to work, without obtaining prior consent. Although in the past appellant had not gone outside the state of Florida for employment, his probation officer’s testimony was unqualifiedly that appellant was “allowed to go where he’s employed.” We conclude that under these circumstances appellant’s brief trip to New Jersey for purposes of employment did not constitute a violation. We therefore reverse the order of revocation.
POLEN and FARMER, JJ., concur.