763 So.2d 1091 (1999)
Michael CARTER, Appellant,
v.
STATE of Florida, Appellee.
No. 99-0427.
District Court of Appeal of Florida, Fourth District.
November 24, 1999.
*1092 Michael J. Kessler of Michael J. Kessler, P.A., Fort Pierce, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
In 1993, appellant entered a plea of no contest to one count of lewd and lascivious assault and was placed on fifteen years probation. One of the conditions of his probation was that he "must attend weekly sessions with a licensed psychiatrist or psychologist." The trial court revoked his probation because he violated this condition, and he appeals. We reverse.
In Larangera v. State, 686 So.2d 697 (Fla. 4th DCA 1996), one of the conditions of probation was that the probationer "continue marital counseling or individual." The probationer attended counseling for a number of months and then voluntarily stopped. We held that the trial court erred in revoking his probation because the condition did not require completion or contain some other time limit. We concluded that, by attending the sessions which he had attended, he had complied with the condition. We relied on Bingham v. State, 655 So.2d 1186 (Fla. 1st DCA 1995) in which the first district reversed a revocation of probation under similar circumstances.
Appellant apparently complied with the condition for at least three years after his plea, and probably for several years thereafter, as he was not charged with violating it until 1998. We conclude, as we did in Larangera, that because the condition did not require completion or have a time limit, his probation should not have been revoked. Reversed.
GUNTHER and FARMER, JJ., concur.