NORTHCUTT, Judge,
The circuit court revoked Michael Cyr’s probation for failing to comply with the condition that he “shall continue sex offender counseling.” Cyr had attended counseling sessions for five years, although the evidence showed his attendance was sporadic. The leader of the program, a mental health therapist, finally terminated him for a number of reasons. In finding a violation, the circuit court observed that Cyr “was to enter and successfully complete sex offender counseling, [and] that counseling, in fact, was not completed.” But Cyr’s probation condition did not direct him to complete counseling, nor did it *1006 require him to remain in a counseling program for a specified period. Probation may not be revoked based on a condition such as Cyr’s when the probationer has actually attended some counseling sessions, but has either quit or been involuntarily terminated. See Larangera v. State, 686 So.2d 697 (Fla. 4th DCA 1996); Bell v. State, 643 So.2d 674 (Fla. 1st DCA 1994). Accordingly, we reverse the revocation of probation.
Reversed.
PATTERSON, C.J., and STRINGER, J., Concur.