749 So.2d 556 (2000)
Jayson WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-3711.
District Court of Appeal of Florida, Second District.
January 14, 2000.
Jeffrey A. Haynes of Filipkowski and Haynes, P.A., Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
Jayson Watson (Watson) challenges his sentences for carjacking, aggravated assault on a law enforcement officer, battery on a law enforcement officer, resisting arrest with violence, fleeing and eluding a police officer, possession of cocaine, grand theft, reckless driving, and driving while license suspended. Watson raises four points on appeal, three of which require reversal.
First, Watson argues that his sentences imposed pursuant to the Prison Releasee Reoffender Act (Act), section 775.082(8), Florida Statutes (1997), must be reversed because the Act is unconstitutional. Recently, this court addressed all of Watson's constitutional challenges and found the Act constitutional. See Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999). Therefore, Watson's prison releasee reoffender sentences are affirmed on this basis.
Second, Watson argues that he was improperly sentenced under the Act for offenses that are not qualifying offenses. Watson contends that resisting arrest with violence is not a qualifying offense under the Act. However, the Act includes as a qualifying offense "any felony that involves the use or threat of physical force or violence against an individual." § 775.082(8)(a)1.o., Fla. Stat. (1997). Since resisting arrest with violence is a felony that involves the use or threat of physical force or violence, the offense is a qualifying offense under the Act and Watson's *557 prison releasee reoffender sentence for that offense is proper. Watson also contends, and the State concedes, that possession of cocaine and grand theft are not qualifying offenses under the Act. Accordingly, Watson's prison releasee reoffender sentences for these offenses are reversed.
Third, Watson argues that he was improperly sentenced as a violent career criminal pursuant to section 775.084(1)(c), Florida Statutes (1997). The State concedes that Watson's prior convictions are not qualifying convictions for violent career criminal sentencing pursuant to section 775.084(5), Florida Statutes (1997). Therefore, Watson's violent career criminal sentences are reversed. We express no opinion as to whether Watson's prior convictions might qualify him for sentencing under the other provisions of section 775.084 upon remand.
Fourth, Watson argues that his sentencing points were improperly enhanced by the law enforcement multiplier because the information did not charge him with a violation of the Law Enforcement Protection Act, section 775.0823, Florida Statutes (1997). When the information fails to charge the defendant with a violation of section 775.0823, the defendant cannot be sentenced pursuant to its provisions. See Thornton v. State, 679 So.2d 871 (Fla. 4th DCA 1996). Therefore, upon remand, Watson's sentencing scoresheet must be calculated without applying the law enforcement multiplier.
Reversed and remanded for resentencing.
PARKER, A.C.J., and WHATLEY and STRINGER, JJ., Concur.