756 So.2d 1114 (2000)
James Edward BOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-610.
District Court of Appeal of Florida, First District.
May 10, 2000.
Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, and L. Michael Billmeier, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, J.
We affirm the trial court's order revoking appellant's probation. See Rawlins v. State, 711 So.2d 137 (Fla. 5th DCA 1998) (concluding that a judge may find that two unexcused absences from a treatment program may indeed amount to a material violation of probation). The cases primarily relied upon by appellant, Bingham v. State, 655 So.2d 1186 (Fla. 1st DCA 1995), and Washington v. State, 667 So.2d 255 (Fla. 1st DCA 1995), do not support reversal. In those cases, this court could find no evidence that the respective probationers had willfully and substantially violated the terms of their probation. The present case is different.
The terms of appellant's probation required that he continue the drug treatment program he was currently enrolled in. The affidavit of violation alleged that appellant violated this condition. The affidavit of violation, and the evidence presented at the hearing, established that appellant missed his outpatient appointments in April 1998 and June 1998, some two and *1115 four months, respectively, after entry of his probation. The probation officer further testified that appellant failed to report for residential treatment in May 1998, although appellant apparently felt he was in need of such treatment. Testimony further established that appellant made no effort to reschedule his missed appointments until after the affidavit of violation had been filed. The treatment sessions required by the February probation order were to occur but once a month. Appellant neglected to attend half the sessions in the first four months. On these facts, the trial court did not abuse its discretion when it revoked appellant's probation. The trial court could have properly concluded that appellant's failure to attend half his counseling sessions, and his further failure to participate in a reasonable alternative, i.e., residential treatment, was a material violation and showed that appellant would not be successful as a probationer.
AFFIRMED.
WOLF and LAWRENCE, JJ., CONCUR.