774 So.2d 1 (2000)
Alec V. MATTHEWS, a/k/a Alec V. Mathews, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-1180.
District Court of Appeal of Florida, Second District.
May 17, 2000.
*2 James Marion Moorman, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John T. Salgado, Assistant Attorney General, Tampa, for Appellee.
EN BANC
ALTENBERND, Judge.
Alec V. Matthews, a/k/a Alec V. Mathews, appeals his judgment and sentence for aggravated assault on a law enforcement officer.[1] Mr. Matthews argues that the trial court erred in applying the law enforcement multiplier to his sentence because the information filed against him did not allege a violation of section 775.0823, Florida Statutes (Supp.1998). See Watson v. State, 749 So.2d 556 (Fla. 2d DCA 2000) (citing Thornton v. State, 679 So.2d 871 (Fla. 4th DCA 1996)).
We conclude that the outcome in Thornton was based on the sentencing rules applicable at the time of the offense in that case. These rules have since been amended, and thus the outcome in Watson was not controlled by Thornton. Upon further consideration, we recede from Watson to the extent it required that an information recite a "violation" of section 775.0823 in order for the trial court to incorporate a law enforcement multiplier into a defendant's scoresheet. It is sufficient that the information identify the offense as a violation of section 784.07, Florida Statutes (Supp.1998), a qualifying offense. Accordingly, we affirm the sentence imposed in this case.
The State filed an information charging Mr. Matthews with three offenses, allegedly occurring on September 4, 1998. Count II alleged "aggravated assault on a law enforcement officer." It did not specifically allege a violation of the Law Enforcement Protection Act, codified in section 775.0823, Florida Statutes (Supp.1998), but it did specifically identify the offense as a violation of section 784.07. Section 784.07 is a specific offense dealing with assault or battery on a law enforcement officer.[2] Thus, from the inception of this criminal case, Mr. Matthews knew that he was *3 charged with an offense against a law enforcement officer, and the State had the burden to prove that the victim was a law enforcement officer. The jury returned a verdict specifically finding that Mr. Matthews committed the aggravated assault upon a law enforcement officer and declined to find him guilty of aggravated assault as a lesser offense. When Mr. Matthews was sentenced, the law enforcement multiplier set forth in section 921.0014(1)(b), Florida Statutes (1997), and the 1998 version of Florida Rule of Criminal Procedure 3.703(d)(22) was used to enhance his sentence.
In Thornton, 679 So.2d 871, the Fourth District reviewed a similar application of the law enforcement multiplier. Thornton was charged with aggravated assault on a law enforcement officer. However, Thornton was sentenced according to the 1995 version of Florida Rule of Criminal Procedure 3.703(d)(14), the predecessor to rule 3.703(d)(22). At that time, the rule referred to only subsections (2) through (7) of section 775.0823, Florida Statutes (1995). None of these subsections addressed aggravated assault on a law enforcement officer. Instead, that offense was addressed in subsection (10). As a result, the Thornton court properly determined that the multiplier did not apply to the offense committed by Thornton. In so deciding, however, the Thornton court's holding merely stated, "Appellant was not charged with any violation under section 775.087 or 775.0823, nor was he charged under 893.135; therefore he could not have been sentenced using a law enforcement multiplier." In fact, the 1995 version of section 775.0823 did reference aggravated assault on a law enforcement officer, but the multiplier did not apply to this offense. This somewhat confusing language became the basis for our decision in Watson v. State, 749 So.2d 556 (Fla. 2d DCA 2000).
In Watson, the defendant was charged with, among other offenses, aggravated assaults on law enforcement officers committed in 1997. By that time, the sentencing guidelines and rule 3.702 had been amended. Rule 3.703(d)(22) and section 921.0014(1)(b), Florida Statutes (1997), then referred to subsections (2) through (10) of section 775.0823. Subsection (10) addressed aggravated assault. Accordingly, our reliance on the language from Thornton as the basis for our holding was misplaced. These same provisions now apply to Mr. Matthews.
Part of the confusion in the application of the law enforcement multiplier is a result of the statutory language which created this sentencing enhancement. Section 921.0014(1)(b) creates a multiplier if the primary offense "is a violation of section 775.0823. In fact, section 775.0823 does not set forth specific substantive crimes. Rather, this statute is a penalty enhancement statute which provides an "increase and certainty of penalty" for crimes committed against law enforcement officers and other specified persons. Penalty enhancement statutes such as this are used to prepare the sentencing scoresheet to sentence the defendant; they are not used by the jury or finder of fact to determine guilt. See, e.g., Cooper v. State, 455 So.2d 588 (Fla. 1st DCA 1984) (regarding habitual offenders and committing crime with mask); McCloud v. State, 741 So.2d 512 (Fla. 5th DCA 1999) (regarding victim injury points).
We recognize that there would have been due process concerns if the information had not charged a crime against a law enforcement officer or if the verdict did not include a finding that the crime had been committed against a law enforcement officer. However, where the offense charged is aggravated assault on a law enforcement officer and the verdict of guilt requires a finding that the assault was against a law enforcement officer, the defendant is on legal notice that the use of the multiplier is permissible given the plain language of the sentencing statutes. See Jordan v. State, 728 So.2d 748, 750 n. 4 (Fla. 3d DCA 1998); Staton v. State, 636 So.2d 844 (Fla. 5th DCA 1994). Cf. State *4 v. Overfelt, 457 So.2d 1385 (Fla.1984) (providing that sentence enhancement for use of a firearm is appropriate only when verdict requires finding that firearm was used in crime).
We therefore find that the law enforcement multiplier was correctly applied to enhance Mr. Matthews' sentence. We recede from Watson to the extent it is contrary to this opinion.
Affirmed.
CAMPBELL, A.C.J., THREADGILL, PARKER, BLUE, FULMER, WHATLEY, NORTHCUTT, GREEN, CASANUEVA, SALCINES, STRINGER, and DAVIS, JJ., Concur.
NOTES
[1] We affirm Mr. Matthews' conviction and sentence for resisting arrest without violence without comment. We also find no merit in Mr. Matthews' argument that an improper prosecutorial remark in closing arguments required a mistrial.
[2] Most charges of aggravated assault are filed under section 784.021, Florida Statutes (1997).