PER CURIAM.
Appellant contends that the trial court, in sentencing him upon a probation revocation, erred in not imposing a downward departure sentence based on his claim of alcohol addiction and/or substantial impairment at the time of his original offense. We disagree with appellant on this point but reverse the sentence for the reasons stated below.
Appellant was not charged with a violation of the Law Enforcement Protection Act, section 775.0823, Florida Statutes (1995). Thus, as the state properly concedes, the 1.5 law enforcement protection multiplier was erroneously applied to appellant’s sentence. See Thornton v. State, 679 So.2d 871 (Fla. 4th DCA 1996).[1]
Additionally, appellant’s sentence must be remanded for reconsideration in accordance with Heggs v. State, 759 So.2d 620 (Fla.2000) (holding that defendant entitled to resentencing if the sentence imposed under the unconstitutional 1995 sentencing guidelines would constitute an impermissible departure .sentence under the 1994 guidelines). See also Battle v. State, 761 So.2d 1177 (Fla. 4th DCA 2000); Smith v. State, 761 So.2d 419 (Fla. 2d DCA 2000).
As the state concedes, this cause must also, be remanded for. the trial court to enter a separate written order revoking probation and reflecting the reasons for the revocation. Neal v. State, 719 So.2d 388, (Fla. 4th DCA 1998); Babb v. State, 720 So.2d 1168 (Fla. 4th DCA 1998); Watts v. State, 688 So.2d 1018 (Fla. 4th DCA 1997); Larangera v. State, 686 So.2d 697 (Fla. 4th DCA 1996); Glendon v. State, 669 So.2d 1148 (Fla. 4th DCA 1996).
REVERSED and REMANDED.
DELL, SHAHOOD and TAYLOR, JJ., concur.

. Since Thornton, Florida Rule of Criminal Procedure 3.702(d)(14) has been superceded by rule 3.703(d)(22).