768 So.2d 1234 (2000)
Nanivette RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-3262.
District Court of Appeal of Florida, Fifth District.
October 6, 2000.
James B. Gibson, Public Defender, and A.S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Rodriguez appeals the termination of her probation, and her subsequent sentence, after the trial court determined she violated conditions of her probation. Earlier, she had pled guilty to one count of fraudulent use of a credit card,[1] and was placed on probation for two years. With only two weeks of the 24 months of probation left, the court revoked her probation, adjudicated her guilty of the earlier crime, and sentenced her to three days in jail and one year on community control. We reverse because we find the evidence insufficient *1235 to establish Rodriguez willfully and substantially violated conditions of her probation.
The court found that Rodriguez violated her probation by not keeping two appointments with her probation officer in April and May of 1999. However, the testimony established that Rodriguez was unable to keep her April appointment because of car problems, which left her without transportation. She called her probation officer to change her appointment to May, and the probation officer agreed to the change. Rodriguez missed her May appointment because she had a job interview and she testified she called the probation officer twice to reschedule but was unable to contact her. Failure to keep the first appointment should not serve here as a basis to revoke probation because a valid explanation was given, as well as accepted, for Rodriguez's inability to keep it. See Frazier v. State, 587 So.2d 660 (Fla. 3d DCA 1991). A single missed appointment in May, where there was also a valid explanation proffered, is also insufficient to demonstrate willful and substantial noncompliance. See Washington v. State, 667 So.2d 255 (Fla. 1st DCA 1995); Bingham v. State, 655 So.2d 1186 (Fla. 1st DCA 1995); Stevens v. State, 599 So.2d 254 (Fla. 3d DCA 1992).
The court also found that Rodriguez violated the condition of her probation by moving from her approved residence without notifying her probation officer and obtaining permission. The information concerning Rodriguez's alleged move from her apartment in Orange County, to her parents' residence in Osceola County was based solely on hearsay evidence. The probation officer testified she had spoken with one of Rodriguez's roommates who told her Rodriguez had moved, because her parents' phone number appeared on the roommates' caller ID machine when Rodriguez called them. But the probation officer did not go to the apartment to verify whether Rodriguez no longer lived there, and the roommate did not testify. At the hearing, Rodriguez testified she never moved her residence from the Orlando apartment. She did stay with a friend in Orlando on a temporary basis because she was having a dispute with her roommates about her baby staying with them in their one bedroom apartment.
As we have held before, violation of probation cannot be based on hearsay evidence alone.[2] Further, the alleged violation was disputed by Rodriguez's own testimony and was the only non-hearsay evidence proffered on this issue. Thus we conclude this violation was not supported by sufficient competent evidence.
The third violation found by the trial court was that Rodriguez had failed to diligently pursue obtaining her GED and she failed to provide written proof she was participating in a special education or training program. The condition of probation actually provided that she do one of the following: be in school full time, get her GED, or participate in a special educational or training program. Rodriguez testified her probation officer told her she had to get her GED, and Rodriguez believed she had no other choice, thereby losing her option of going to school or participating in a special educational or training program.
Further, the testimony at the hearing showed that Rodriguez tried but was unable to obtain her GED. She took classes for four to six months during her first year on probation to prepare for the GED examination. However, she has an attention deficit disorder, and she was unable to keep up with the class. She then studied from a textbook on her own. Prior to taking the GED, an applicant must take a *1236 pre-GED test called a "tape," and successfully complete it. During her first year on probation, Rodriguez could not score high enough to pass the tape test. In June 1999, she scored on a grade level which made her eligible to take the GED. However, she failed the GED. During the first year she worked during the day and took classes in the evenings. The second year she worked two jobs for eleven hours a day, and studied for the GED on her own from a book.
A condition of probation that requires a person to do something that is beyond their control or ability is an illegal condition and its violation is not a violation of probation. Soto v. State, 727 So.2d 1044 (Fla. 2d DCA 1999); Trapp v. State, 711 So.2d 138 (Fla. 4th DCA 1998); Brown v. State, 666 So.2d 240 (Fla. 5th DCA 1996); Armstrong v. State, 620 So.2d 1120 (Fla. 5th DCA 1993). We agree with Rodriguez that the court's order giving alternatives to obtain a GED was valid. But the probation officer's transformation of it requiring Rodriguez to get a GED made it invalid since Rodriguez may not have the ability to pass the GED examination, and she was not given possible alternatives.
Further, it appears from the evidence that Rodriguez, in fact, made considerable efforts to prepare for and take the GED. There is no evidence that her failure to pass the GED was a willful or a substantial violation of the condition. See Butler v. State, 25 Fla. L. Weekly D1202, ___ So.2d ___, 2000 WL 639331 (Fla. 2d DCA May 19, 2000). Her failure after two years of study efforts, sandwiched between jobs, stemmed from her physical/mental disabilities.
Even the trial court recognized that Rodriguez may not have the ability to pass the GED. When her counsel asked if Rodriguez, in the future as part of her community control, must obtain her GED, the judge responded that she should attempt to get it on a regular basis. In summary, the judge also stated Rodriguez's violations "are probably not the most egregious in the world ..." We agree, but we also conclude that the proof in this case was insufficient to establish Rodriguez committed any substantial or willful violations of the conditions of her probation.
REVERSED.
THOMPSON, C.J., and COBB, J., concur.
NOTES
[1] § 817.61 (Fla.Stat.1997).
[2] Purvis v. State, 397 So.2d 746 (Fla. 5th DCA 1981). See also Anderson v. State, 711 So.2d 106, 108 (Fla. 4th DCA 1998); Ford v. State, 678 So.2d 432 (Fla. 4th DCA 1996); Garcia v. State, 701 So.2d 607, 609 (Fla. 2d DCA 1997).