781 So.2d 1185 (2001)
La Ronn Marquies WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1771.
District Court of Appeal of Florida, Fifth District.
April 12, 2001.
*1186 James B. Gibson, Public Defender, and John M. Selden, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
La Ronn Wilson appeals a judgment in which the trial court found that he had violated his probation. His challenge is based on the ground that his alleged violations of probation were not willful and substantial. We agree and reverse.
The state charged Wilson by information with two counts of sexual battery of K.B., an eleven-year old female, three counts of lewd or lascivious act in the presence of K.B. by perpetrating a sexual act upon E.S., another minor female, one count of aiding and abetting the commission of a sexual battery upon K.B., and one count of forcing or enticing K.B. to commit a lewd, lascivious, or indecent act. Wilson pled no contest to three counts of lewd and lascivious acts in the presence of K.B., and to one count of forcing or enticing the child to commit a lewd and lascivious or indecent act. The state nolle-prossed the remaining charges as to both K.B. and E.S. and Wilson was sentenced in accordance with the plea negotiations.
Wilson was found to be in violation of his probation for failing to report to his probation office at a certain time, and failing to follow the condition of not having any contact with the victim, E.S. Wilson takes the position that his reporting violation was insubstantial, and that he did not violate his probation when he visited with E.S.'s mother because, when the charges involving E.S. were dropped, he was found guilty and sentenced only for crimes against K.B. Thus, the only "victim" was K.B.
The probation officer testified at the hearing that Wilson failed to appear after being instructed to report to his office at 2:30 p.m. In fact, Wilson had reported to the probation office at 1:30 while the probation officer was at lunch. Wilson left a written monthly report stating, "that I moved and here is my new address, if you need anything call me." The probation officer called Wilson at the number which he had left on his written report and left a message for him to report to the office immediately. Wilson returned to the office at 3:50 that afternoon.
After Wilson arrived, the probation officer asked him if he had seen the victim's mother. Wilson responded that he had seen E.S.'s mother for a short time and that she was "a very good friend of his." The probation officer informed Wilson that his contact with the mother could result in a violation of his probation because it was an indirect contact with "the victim."
Wilson testified at the evidentiary hearing that he was mistaken as to the time he was told to report to the probation office. When asked why he did not return immediately, he responded, "Well, when I talked to the lady at the front desk she asked me if he needed to speak to me. When I talked to him over the phone, he didn't specify the need to speak to me so she said just to fill out your monthly report, and if he needed [sic] to see you, we will have him call you." Regarding the contact with E.S.'s mother, Wilson testified that he had been to her home on two or three occasions since he had gotten out of jail. The last time that he had been there was to pick up a jacket that had been left behind. He did not see K.B. when he was there.
There is no evidence that Wilson tried to contact K.B., even through a third person. In its oral findings, the trial court noted *1187 there was no direct evidence that the contact with the mother was meant to get to K.B., and there was no evidence of actual contact with K.B. The court then found that Wilson's conduct of visiting E.S.'s mother was indirect contact with E.S.
Whether a violation is willful and substantial is a factual issue which may not be overturned on appeal unless there is no evidence to support it. See Brown v. State, 776 So.2d 329 (Fla. 5th DCA 2001).
In Rodriguez v. State, 768 So.2d 1234 (Fla. 5th DCA 2000), this court recently found that a single missed appointment with a probation officer, where a valid explanation is proffered, is insufficient to demonstrate willful and substantial noncompliance. In deciding Rodriguez, this court cited Washington v. State, 667 So.2d 255 (Fla. 1st DCA 1995), which involved a single missed counseling session, and Bingham v. State, 655 So.2d 1186 (Fla. 1st DCA 1995), which involved a single missed meeting of sex offender group counseling. In both cases, the probationers offered a reasonable explanation of why they had missed the session or meeting. In both cases, the district courts held that the probationers' single absence from the required event was insufficient to constitute a willful and substantial violation of their probation conditions. The evidence in this case is less egregious than in Rodriguez, Washington and Bingham. Wilson failed to report to his probation officer at the proper time, but he returned the same afternoon after the officer called. "When a probationer has made reasonable efforts to comply with the terms of probation, his failure to do so will not be held to be willful." Benedict v. State, 774 So.2d 940, 941 (Fla. 2d DCA 2001).
We agree with Wilson that the terms and conditions of the probation are ambiguous as to contact with "the victim." Wilson cannot be found to have had contact with the victim when there was no evidence that he had any contact with K.B. The trial court even conceded so at the hearing. A probation condition must not be ambiguous or subject to differing interpretations. See Schneck v. State, 764 So.2d 898 (Fla. 5th DCA 2000). Accordingly, the judgment of the trial court is reversed.
REVERSED.
THOMPSON, C.J., and SAWAYA, J., concur.