814 So.2d 1174 (2002)
Jesse MARCANO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-4460.
District Court of Appeal of Florida, Fourth District.
April 17, 2002.
*1175 Carey Haughwout, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
Appellant challenges an order revoking his probation for failure to follow the recommended treatment plan of a substance abuse treatment facility. Because the evidence did not prove the violation was willful but was instead the result of his mental illness, we reverse.
Appellant entered into a plea agreement on seven counts of committing lewd and lascivious acts on a person under the age of sixteen. He was sentenced to fifteen years in prison and to fifteen years of probation. After serving his prison sentence, he was released to begin his probation. One of the probation conditions required that he receive a substance abuse and mental health evaluation and follow any recommended treatment.
On June 28, 2000, he went through a psychiatric examination and was enrolled in New Vistas, a dual-diagnosis program operated at the Henderson Mental Health Center. He was given a bed at Henderson Village in the regular community and expected to attend the daily programs. When he arrived at Henderson, his case counselor was Wendy Sotirelis. The program required daily attendance during the weekdays, and his first day of attendance was July 5th. Ms. Sotirelis testified that "from day one" appellant was asking for help, particularly for placement in a long-term care treatment facility. He reported that he was feeling severe anxiety. He was on medication, which was changed at some point, and his attendance at the daily programs was infrequent.
On July 24th, he was hospitalized at University Pavillion Psychiatric Center for having suicidal tendencies. Ms. Sotirelis was largely responsible for his admission as she had gotten a bed for him there. He was released from University Pavillion on August 1st. However, after his release, his bed at Henderson Village was no longer available, and Ms. Sotirelis was unable to find a facility that would take him. The record does not reveal where he was living *1176 at the time the affidavit of violation of probation was filed.
After his release from the hospital, he continued his pattern of failing to attend the daily New Vistas' sessions. From August 1st through 11th, he was absent six days and attended only two. Ms. Sotirelis had several conversations with him in which appellant continued to express anxiety and great difficulty in being around people. He expressed some fear of himself and wanted to enroll in a long-term substance abuse in-patient program. "[H]e just was really struggling and he kept telling me that he needed help." Ms. Soterelis tried to find a facility for him but was unsuccessful.
Although New Vistas precluded drinking, appellant admitted to his counselor that he had done some drinking and they discussed medication to eliminate his craving for alcohol. Despite this relapse, Ms. Sotirelis did not consider it a failure of treatment or a violation of the program. To her, it meant appellant needed a higher level of treatment.
Appellant also was having fear of dealing with the possibility of an "increased libido" (even though he agreed as part of his plea agreement to undergo chemical castration). However, Henderson Village did not provide any sex offender treatment, and they could not find any place that did. While his main problem was still substance abuse, Ms. Sotirelis stated that it would have been helpful to have someone knowledgeable about his other problems to counsel him.
By August 11th, Ms. Sotirelis discharged him from the program because she knew he would be picked up on a probation violation after conversations with appellant's probation officer. She finally stated, "[t]he only way I could help Jesse was to have him picked up on a violation because he was scared." Nevertheless, she testified that he always sought help, but people with mental illnesses have a much harder time in a treatment plan. Ms. Sotirelis did not think his violation of the treatment plan was willful.
The court refused to allow Ms. Sotirelis to testify to appellant's mental diagnosis, believing that unless the defense was claiming insanity it was not relevant to the proceedings. Despite this ruling, it did allow the state to cross-examine Ms. Sotirelis on appellant's sexual thoughts and his need for treatment for this mental condition.
The state presented only the probation officer, who testified that he filed an affidavit of violation after determining appellant had missed a majority of program days at Henderson. All of the probation officer's information came from Ms. Sotirelis, except his conversation with appellant who said he missed a couple of days because his alarm clock did not work.
The court found that appellant had violated his probation by failing to regularly attend the New Vistas' program after being discharged from the hospital. It revoked his probation and sentenced him to concurrent fifteen year prison sentences for three counts and ten year sentences on three other counts, to be served consecutive to the fifteen year sentences. He now appeals that revocation.
It is the state's burden to prove that a violation of probation is both willful and substantial, and it is a question of fact for the trial court that will not be overturned on appeal unless there is no evidence supporting that decision. See Cunningham v. State, 795 So.2d 219, 220 (Fla. 4th DCA 2001). Generally, un-excused absences from required therapeutic programs constitute willful violations of probation. See, e.g., Boyd v. State, 756 So.2d 1114, 1115 (Fla. 1st DCA 2000); Santiago *1177 v. State, 722 So.2d 950, 950 (Fla. 4th DCA 1998). However, "mental illness can render violations of probation not willful and substantial." Robinson v. State, 744 So.2d 1188, 1189 (Fla. 2d DCA 1999) (unspecified mental illness); see also Williams v. State, 728 So.2d 287, 288 (Fla. 2d DCA 1999) ("Either a mental or a physical illness can be debilitating to the point that a probationer cannot comply with the terms of his probation.").
Based upon the evidence presented, the trial court abused its discretion in concluding that appellant's absences from the program constituted a willful and substantial violation of the probation condition requiring him to follow any recommended statement. His counselor testified at length about appellant's struggles with anxiety and his fear of people. She even had him hospitalized for his condition. Appellant repeatedly asked for help and to be put in a long-term treatment program, but his counselor was unable to find a suitable program for him. While there was no expert opinion as to appellant's mental state, that was a result of the trial court's erroneous refusal to permit testimony on the issue, as it would go to the willfulness of the violation. Nevertheless, even without such expert testimony, the admitted evidence shows that appellant desired to attend the program and complete his treatment, but his mental illness prevented him from doing so.
The state relies on the probation officer's testimony that appellant overslept on several occasions. However, that is not inconsistent with appellant's severe anxiety and fear of people which prevented him from attending the program. Moreover, Ms. Soterilis talked with the probation officer and advised him of appellant's need for more intensive treatment, but the probation officer apparently decided to initiate probation violation proceedings rather than participate in seeking more intensive treatment for him. The probation officer's testimony in no way contradicts Ms. Soterilis.
Finally, the prosecutor contended at trial that appellant's fear of having sexual thoughts showed his failure to obtain treatment was willful. We do not follow the logic of the state's argument. However, having sexual thoughts cannot be the basis for a violation of probation. See Cowart v. State, 754 So.2d 813, 814 (Fla. 1st DCA 2000) ("If a probation violation cannot rest on involuntary conduct, then surely it cannot rest on involuntary thoughts.").
We reverse the revocation of appellant's probation and order his reinstatement. We would expect that he would be reevaluated and a new treatment plan be created.
FARMER and KLEIN, JJ., concur.