PER CURIAM.
Christina Rial appeals from an order of revocation of probation and community control and sentence. For the following reasons, we reverse.
Defendant entered into a plea agreement whereby she pled guilty to the charges brought against her in exchange for two years community control followed by ten years probation, with a special condition that she complete the Start program and then enter the Passageways program. Both the Start and Passageways programs are non-secure mental health facilities.
After completing the Start program, Defendant entered Passageways. Shortly thereafter, defendant asked to leave the program. Defendant’s community control officer told her that if she left Passageways, she would be in violation of probation. Defendant absconded three weeks later, but returned after five days.
After a hearing, the trial court found that defendant willfully violated her probation by absconding from Passageways and sentenced defendant to thirty years in prison. As the terms of defendant’s probation did not require that she complete the Passageways program, but only that she enter it, the trial court erred in finding that defendant violated her probation when she absconded from the program. See Carter v. State, 763 So.2d 1091, (Fla. 4th DCA 1999) (holding probation should not be revoked for failure to complete when a condition of probation does not require completion or have a time limit). See also Bingham v. State, 655 So.2d 1186 (Fla. 1st DCA 1995). Defendant satisfied the conditions of her probation by completing the Start program and entering Passageways. Requiring that defendant complete the Passageways program constitutes “an unauthorized and impermissible upward modification of [defendant’s] probation conditions.” Bell v. State, 643 So.2d 674, 675 (Fla. 1st DCA 1994).
Accordingly, defendant’s probation and community control should not have been revoked. Reversed.