NORTHCUTT, Judge.
Chanpheng Thanonglit was convicted of attempted murder in the first degree. § 782.04(1), Fla. Stat. (2000). When imposing sentence, the trial court applied a law enforcement protection multiplier pursuant to section 921.0024(l)(b), Florida Statutes (2000), which provides: “Law enforcement protection: If the primary offense is a violation of the Law Enforcement Protection Act under s. 775.0823(2), the subtotal sentence points are multiplied by 2.5.”[1] Thanonglit contends the use of the multiplier was improper under our decision in Matthews v. State, 774 So.2d 1 (Fla. 2d DCA 2000). We agree. We reverse his sentence and remand for resen-tencing.
The information charged that Thanonglit “unlawfully and from a premeditated design to effect the death of Officer Chris Cooper, a human being, did attempt to kill and murder and inflict upon him mortal wounds shooting with a firearm; contrary to Chapter 782.04(l)(a)/777.04/775.087, Florida Statutes.... ” Officer Cooper was not described as a law enforcement officer.[2] Nor did the information reference section 775.0823(2), Florida Statutes (2000).[3] The jurors were not instructed that Officer Cooper was in law enforcement, and the verdict form did not ask them to determine whether the crime was committed against a law enforcement officer.
In Matthews, we receded from our decision in Watson v. State, 749 So.2d 556 (Fla. *1263 2d DCA 2000), to the extent that Watson required an information to recite a violation of section 775.0823 in order for a court to apply the law enforcement multiplier at sentencing. In both Matthews and Watson, the offenses were charged under statutes that specifically addressed crimes against a law enforcement officer. Matthews was charged with aggravated assault on a law enforcement officer; Watson, among other crimes, was charged with aggravated assault on a law enforcement officer and battery on a law enforcement officer. Matthews, 774 So.2d at 2; Watson, 749 So.2d at 557. In Matthews, we reasoned that when the charged crime specifically requires that the victim be a law enforcement officer, and the verdict of guilt entails a jury finding that the victim was, in fact, such an officer, the defendant is on notice that the multiplier may be used. In that situation, we held that the circuit court could apply the multiplier even though the information did not expressly mention a violation of section 775.0823. Matthews, 774 So.2d at 2-3.
In so holding, however, we noted that there would be due process concerns if the information did not allege a specific crime against a law enforcement officer and if the verdict did not include a finding that the victim was in law enforcement. Id. at 3^1. That is the case here. Section 782.04(1) makes the “unlawful killing of a human being” a crime. Unlike section 784.07, there is no prerequisite in section 782.04 that the victim be a law enforcement officer. In such a situation, an information must recite the law enforcement enhancement statute, section 775.0823, to put the defendant on notice that the State is seeking an increased punishment based on the victim’s status. We can envision a case where section 775.0823 is not mentioned in the information, but, after the evidence is presented, the parties agree that the jurors will be asked to determine whether the victim was a law enforcement officer. We need not decide today whether the law enforcement multiplier may be used to sentence a defendant under that hypothetical scenario because, in this case, the issue was not presented to the jury.
We reverse and remand with directions to resentence Thanonglit using a score-sheet that does not contain a multiplier for a crime committed against a law enforcement officer.
DAVIS, J„ and THREADGILL, EDWARD F., Senior Judge, concur.

. Thanonglit also was convicted of aggravated assault with a firearm, armed burglary, possession of burglary tools, and resisting arrest without violence. His primary offense was attempted murder, so we address that charge. However, our reasoning applies equally to his conviction for aggravated assault.

. We note that count VI of the information, which charged resisting arrest without violence, specifically described Officer Albert Malone and Officer Daniel Bocea as "law enforcement officers of the St. Petersburg Police Department.” That crime is not included in section 775.0823.

.The information did, however, refer to section 775.087, the statute that enhances the punishment for a crime when a defendant uses a firearm.