RAMIREZ, J.
The defendant, George Delaney, moves for rehearing of this Court’s March 31, 2004, per curiam affirmance of the trial court’s denial of his 3.800 motion. After a thorough consideration, we deny rehearing and adhere to our original per curiam af-firmance in this case because the lack of citation to the enhancement statutes in the information does not render the defendant’s sentence illegal.
In 2003, the defendant filed a 3.800 motion, one of numerous post-conviction motions he has filed before this Court. The defendant made the same allegation he has made in his previous post-conviction motions, to wit: that his sentence was illegal because the statutes under which he was charged in the information the State filed, sections 782.04(1) and 777.04, Florida Statutes (1989), were not the proper statutes and he should have been charged under sections 784.07(3) and 775.0825. The State responded and noted that the defendant continued to allege that he was given a minimum mandatory sentence of twenty-five years pursuant to section 782.0825, Florida Statutes (1989), despite that particular statute not being cited in the information. The State conceded that this statute was erroneously left out but that all of the language giving the defendant notice that he had committed an attempted murder against a law enforcement officer was provided in the charging document. Moreover, the record reflected that the jury was charged concerning the attempted murder count, including the language that the victim was a law enforcement officer engaged in his duties. The State contended that the defendant’s sentencing documents showed that he was sentenced pursuant to section 782.0825, Florida Statutes (1989), requiring a minimum mandatory, and that the law was clear that the defendant could be sentenced to minimum mandatory sentences despite the statute itself not being cited in the charging documents. The trial court thus denied the defendant’s 3.800 motion.
The defendant then appealed to this Court, and this Court per curiam affirmed on March 31, 2004. The defendant has now filed a motion for rehearing or for certification to the Supreme Court of Florida. Our opinion has not changed. The failure to cite the enhancement and man *634 datory minimum statutes in the information did not render the sentence “illegal” in light of Florida Rule of Criminal Procedure 3.140(d)(1), 3.140(o), and Jordan v. State, 728 So.2d 748 (Fla. 3d DCA 1998), approved by, Jordan v. State, 761 So.2d 320 (Fla.2000). This Court has previously addressed the defendant’s claim on this issue on at least three separate occasions, and the record supports our finding that there is no merit to the defendant’s contention.
We believe Jordan is controlling here. In Jordan, this Court held that a nonprejudicial error in the statutory citation in the charging document did not warrant striking the law enforcement multiplier for sentencing purposes. Just as in Jordan, the defendant here was on notice that he was charged with the crime of attempted murder of a law enforcement officer. The information states that the attempted first degree murder was on a law enforcement officer. Also, the jury was specifically instructed that the victim was a law enforcement officer. The defendant has not shown, nor can he show, that he was prejudiced in the preparation of his defense or that he was surprised or misled by the lack of citation to the enhancement statute. Thus, the defendant is not entitled to relief.
Our decision is further supported by Matthews v. State, 774 So.2d 1 (Fla. 2d DCA 2000). In Matthews, the State filed an information charging the defendant with aggravated assault on a law enforcement officer. The information did not specify a violation of the sentencing enhancing statute, but it did specifically identify the offense as a violation dealing with assault or battery on a law enforcement officer. The Second District cited to Jordan and held that “where the offense charged is aggravated assault on a law enforcement officer and the verdict of guilt requires a finding that the assault was against a law enforcement officer, the defendant is on legal notice that the use of the multiplier is permissible given the plain language of the sentencing statutes.” Id. at 3.[1]
The record reflects that the defendant never challenged at trial that he was being charged with killing a police officer, nor did he raise the issue on direct appeal. There is no fundamental error here, and the defendant is not entitled to the relief he requests. Accordingly, the motion for rehearing is denied.

. The statutory provisions in Jordan and Matthews were different because the sentencing laws were later amended. See Ch. 95-184, Laws of Florida.