PER CURIAM.
 

 Dwight Williams challenges revocation of his community control. We reverse and remand for further proceedings.
 

 Following a conviction for lewd or lascivious battery on a person more than 12 but less than 16 years of age, Williams was sentenced to a term of incarceration followed by a term of community control. As a condition of community control, Williams was prohibited from having “contact with a child under the age of 18.” He was further prohibited from “viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material.” Williams was charged with violating these two conditions following a visit to his residence by his community control officer. The matter proceeded to hearing following which the trial court revoked community control.
 

 With respect to the allegation that Williams was in contact with a child, the evidence adduced below does not support a finding of contact. There was no evidence adduced that appellant saw, touched, spoke to, encountered or in any manner interacted with a child.
 
 See Wilson v. State,
 
 781 So.2d 1185 (Fla. 5th DCA 2001) (reversing revocation of probation for having contact with the victim where there was no evidence of direct contact). While we affirm the finding of a violation for Williams’ possession of pornographic material, it is not clear from the record that the trial court viewed this single violation as warranting revocation. Accordingly, we reverse and remand to the trial court to consider whether revocation remains appropriate.
 
 See LeMaster v. State,
 
 765 So.2d 259 (Fla. 1st DCA 2000).
 

 REVERSED and REMANDED.
 

 ALLEN, VAN NORTWICK, and ROBERTS, JJ., concur.