LEVINE, J.
 

 The issue presented is whether there is sufficient competent evidence that appellant willfully and substantially violated the terms and conditions of his probation. The trial court found that appellant did, in fact, willfully and substantially violate the terms of probation. Willfulness of a violation of probation is a question of fact, and a finding of willfulness will be overturned only where the record contains no competent evidence to support the finding.
 
 Green v. State,
 
 23 So.3d 820, 821 (Fla. 4th DCA 2009). We agree with appellant that the evidence was insufficient to show a willful violation in this case, and we reverse.
 

 Appellant was ordered, as a condition of probation, to have no “direct or indirect contact” with the victim, T.B. At the violation of probation hearing, the State presented evidence that appellant called and spoke to T.B.’s mother. The trial court found that this call constituted “indirect contact” with the victim and found the violation to be willful and substantial.
 

 In
 
 Wilson v. State,
 
 781 So.2d 1185, 1187 (Fla. 5th DCA 2001), the probationer con
 
 *179
 
 tacted the victim’s mother even though there was a prohibition on making “direct or indirect contact” with the victim. The State presented no evidence that the probationer made any actual contact with the victim or that the contact with the mother was an attempt “to get to” the victim. The Fifth District concluded that a probationer “cannot be found to have had contact with the victim when there was no evidence that he had any contact” or that he attempted contact with the victim.
 
 Id.
 

 We concur with the Fifth District’s reasoning in
 
 Wilson
 
 and hold that evidence that appellant telephoned T.B.’s mother, by itself, is insufficient to show a willful and substantial violation of the conditions of appellant’s probation. In this case, there was evidence that appellant knew T.B.’s mother prior to the underlying case, which resulted in appellant being placed on probation. Further, the record lacked sufficient evidence that appellant was notified by the trial court or by the probation officer that “indirect contact” would include contacting T.B.’s mother or T.B.’s family, nor was there any evidence presented that T.B. lived with her mother or that the phone number appellant called was T.B.’s residence.
 

 Accordingly, we reverse and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded with directions to reinstate probation and community control
 

 WARNER and DAMOORGIAN, JJ., concur.